HARRISON, COLLECTOR OF INTERNAL REVE-NUE, *v.* NORTHERN TRUST CO. ET AL., EXECU-TORS.

No. 103. Argued December 8, 1942.—Decided January 11, 1943.

*Miss Helen R. Carloss* argued the cause, and *Solicitor General Fahy, Assistant Attorney General Clark,* and *Messrs. Sewall Key, Arnold Raum, J. Louis Monarch,* and *Bernard Chertcoff* were on the brief, for petitioner.

*Mr. Alexander F. Reichmann,* with whom *Mr. Andrew J. Dallstream* was on the brief, for respondents.

MR. JUSTICE MURPHY delivered the opinion of the Court.

Respondents, the executors under the will of Henry M. Wolf, brought this action to recover an alleged overpayment of federal estate taxes. The case turns upon whether, under the provisions of § 303 (a) of the Revenue Act of 1926, as amended by § 807 of the Revenue Act of 1932,[1] the amount to be deducted from decedent's gross

---

[1] Section 807 provides as follows:

Sections 303 (a) (3) and 303 (b) (3) of the Revenue Act of 1926 are amended by inserting after the first sentence of each a new sentence to read as follows:

"If the tax imposed by section 301, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in

estate on account of the bequest of his residuary estate to charity is the actual amount of such bequest, after payment of federal estate taxes, or what would have been the amount if there had been no such taxes.

Testator, a resident of Illinois, bequeathed the residue of his estate to four named charitable organizations. The will contained no provision as to the payment of federal or state death taxes except for a direction that all inheritance, legacy, succession and estate taxes upon certain specific bequests to individuals should be paid out of the general estate. The residuary estate, after deducting funeral and administration expenses and specific bequests but not the federal estate tax, amounted to $463,103.08, all of which sum respondents claim they are entitled to deduct from the statutory gross estate in computing the federal estate tax. The Commissioner of Internal Revenue ruled, however, that only that portion of the residue which was actually distributable to the charitable donees, i. e., the amount remaining after payment of the federal estate tax, was deductible as a charitable bequest. He determined that the total estate tax amounted to $459,879.57, which would be paid out of the residuary estate, and that respondents were therefore entitled to deduct only $3,223.51, the amount actually passing under the residuary bequests.

Respondents paid the assessed tax under protest and filed a claim for refund which the Commissioner rejected. This suit followed, and the district court entered judgment for respondents. The Circuit Court of Appeals affirmed. 125 F. 2d 893. We granted certiorari because of the importance of the question in the administration of the federal estate tax system.

part out of the bequests, legacies, or devises otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes."

It is now part of § 812 (d) of the Internal Revenue Code.

Section 807 recognizes that the ultimate thrust of the federal estate tax is to be determined by state law, cf. *Riggs* v. *Del Drago, ante,* p. 95, and provides that where the tax is, either under the will or the applicable local law, *"payable . . . out of* the bequests, legacies, or devises otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes."[2] The court below fixed upon the words "payable out of" and held § 807 inapplicable because the federal estate tax was a charge against the entire estate and not against the residue under Illinois law,[3] and therefore was not "payable out of" the residuary bequest. The court then followed *Edwards* v. *Slocum,* 264 U. S. 61, where, under substantially identical facts and in the absence of a statute such as § 807, the instant issue was resolved against the Government. In so doing, the court below refused to examine the legislative history of § 807, on the ground that the section was unambiguous.

But words are inexact tools at best, and for that reason there is wisely no rule of law forbidding resort to explanatory legislative history no matter how "clear the words may appear on 'superficial examination.'" *United States* v. *American Trucking Assns.,* 310 U. S. 534, 543–44. See also *United States* v. *Dickerson,* 310 U. S. 554, 562. So, accepting the Circuit Court's interpretation of Illinois law as to the incidence of the tax, we think it should have considered the legislative history of § 807 to determine in just what sense Congress used the words "payable out of." The committee reports on § 807 demonstrate that it was intended as "a legislative reversal of the decision" in *Edwards* v. *Slocum, supra* (H. Rep. No. 708, 72d Cong.,

---

[2] Emphasis added.

[3] The cases of *People* v. *Pasfield,* 284 Ill. 450, 120 N. E. 286; *People* v. *Northern Trust Co.,* 289 Ill. 475, 124 N. E. 662; and *People* v. *McCormick,* 327 Ill. 547, 158 N. E. 861, were cited for this proposition.

1st Sess., p. 50),[4] and that Congress used the words "payable out of" in the sense of "diminished or reduced by" the payment of the tax.   Thus the House Report states:

"The purpose of this amendment is to limit the deduction for charitable bequests, etc., to the amount which the decedent has in fact and in law devised or bequeathed to charity.   Under existing law no consideration can be given to any estate, succession, legacy, or inheritance taxes imposed with respect to a decedent's estate even though by the terms of his will or the local law they actually reduce the amount of such bequest or devise."   p. 49.

And, in referring to the situation in *Edwards* v. *Slocum,* it was said:

"Under the State law the estate tax was payable generally out of the estate and so fell upon and reduced the residuary estate given to charity."   p. 50.

That is the case here, for while the estate tax may be a charge against the entire estate under Illinois law, admittedly its payment will operate to reduce the amount of the residuary estate.   This legislative history is conclusive in favor of the Government's contention that respondents are entitled to deduct only the amount of the residuary estate actually passing to the charitable beneficiaries after provision is made for the payment of the federal estate tax.

It is argued on behalf of respondents that this interpretation of § 807 results in a "tax upon a tax" and is therefore unconstitutional.   We need not stop to consider the accuracy of this nomenclature, because this case involves only a charitable deduction which Congress could have denied altogether, and the limitations placed upon that

---

[4] See also S. Rep. No. 398, 68th Cong., 1st Sess., p. 35, and H. Conference Rep. No. 844, 68th Cong., 1st Sess., pp. 25–26, with reference to § 303 (a) of the Revenue Act of 1924 which contained the same sentence as § 807.

deduction by § 807 clearly do not go beyond the limits of permissible constitutional power. Respondents also object to the fact that the tax may have to be computed by an algebraic formula or by complicated arithmetical methods because of the two mutually dependent variables, the amount of the tax and the amount of the residue as reduced by the tax, and reference is made to the statements in *Edwards* v. *Slocum* that "algebraic formulae are not lightly to be imputed to legislators," 264 U. S. at 63. This contention loses all significance when it is remembered that § 807 was intended as a "legislative reversal" of *Edwards* v. *Slocum.* And compare *United States* v. *New York,* 315 U. S. 510.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed.*