In the Matter of the Will of MARTIN S. PAINE, Deceased.

Surrogate's Court, New York County, March 10, 1943.

*George L. Shearer* and *M'Cready Sykes* for United States Trust Company of New York, as executor and trustee, and *James W. Hyde* for Jesse. M. Favian and another, as executors and trustees, petitioners.

*Herbert Barry* for American Society for Prevention of Cruelty to Animals, respondent.

*Richard N. Crockett* and *Helen C. Devine* for Salvation Army and Home for Old Men and Aged Couples, respondents.

*Max M. Kotzen* and *Joseph Yaspan* for Henry W. Remington, Jr., and others, respondents.

*John F. DeAngeli* and *Francis B. Sanford* for New York Bible Society, respondent.

*Williston Benedict* for Society for the Relief of the Destitute Blind of the City of New York and Vicinity, respondent.

*Richard Kelly* for Methodist Church Home for the Aged in the City of New York, respondent.

*Elizabeth M. Graham* for Home for Incurables, respondent.

*John Lane* for The New York Society for the Prevention of Cruelty to Children, respondent.

*Webster Sandford* for American National Red Cross, respondent.

*Lester C. Gelinas,* representing persons in military service.

*Nathaniel L. Goldstein, Attorney-General (Mortimer H. Michaels* and *Corning G. McKennee* of counsel), for charitable gifts.

FOLEY, S. In this proceeding for a construction of the will, the executors and trustees seek a determination of the effect of a trust provision in the tenth paragraph for the benefit of ten charitable corporations. More specifically, the question in issue is whether the charitable beneficiaries are qualified to take the gift under one of the conditions which directs that a named beneficiary shall not share in the legacy if the provisions for it " shall not be exempt from estate and inheritance taxes."

The tenth paragraph of the will disposed of the residuary estate. In prior paragraphs, the testator had made gifts to his relatives, friends and certain other charitable institutions. The residuary estate was bequeathed to his trustees for the purpose of establishing a fund to be known as " The Martin S. Paine Foundation ". They were directed to distribute the net income of the trust equally among named institutions. The will further provided: " In the event that any of the beneficiaries named in this paragraph shall cease to exist or if for any reason any of such beneficiaries are legally unable to take under the terms of this will, or if the provisions for any of these beneficiaries shall not be exempt from estate and inheritance taxes, I direct my trustees to distribute the income from the Foundation equally among the other beneficiaries in equal shares."

In the eleventh paragraph of the will, the testator directed that all inheritance and estate taxes " upon my estate or upon

the transfer of any part thereof, shall be paid out of my residuary estate as an expense of administration.''

It is conceded that each of the designated charities is capable of taking the gift and that each is entitled to exemption from estate taxes under Federal and State law.

The dispute is between the executors and trustees and the charitable beneficiaries, on the one hand, and certain next of kin, cousins of the testator, on the other. The latter contend that the provision for the beneficiaries is not exempt from estate and inheritance taxes, that such exemption is required by the will as a condition to the effectiveness of the gift, and that all the beneficiaries are equally affected by noncompliance with the condition. They argue that, as a consequence, the testator died intestate as to his residuary estate. Those opposing these contentions argue that the gifts are effective and that no estate taxes were imposed upon the succession of such gifts.

The issue between the respective parties grows out of the direction in the eleventh paragraph of the will that the estate taxes be paid out of the residuary estate. The entire residue was bequeathed to charity. Under the former section of the Federal tax law it was provided that where, under the will or the law, a tax was payable out of a legacy passing to charity, the gross amount undiminished by the tax was allowed as a deduction. (*Edwards* v. *Slocum,* 264 U. S. 61.) The gross amount thereby became exempt. A change was made in 1932 in the Federal statute and in 1934 in our own Tax Law whereby the deduction was limited to the actual net amount received by the charity. [Internal Revenue Code (U. S. Code, tit. 26), § 812, subd. (d), amd. Revenue Act of 1932, § 807 (47 U. S. Stat. 282); New York Tax Law, § 249-s, subd. 3, amd. L. 1934, ch. 639.] The terms of the present Federal and State statutes are identical. Under them, necessarily, by the reduction of the amount of the deductions a higher tax is imposed.

Typical of their operation is the situation in the present estate. The gifts to noncharitable legatees approximate $90,000. Under the former statutory rule governing deductions, the combined Federal and State taxes on those forms of successions would amount to approximately $8,000. Under the new formula and by limiting deductions to the actual amounts to be received by the charities, additional taxes approximating $3,000 have been assessed and paid.

The question is thus presented, were these taxes levied by the Government and State directly upon the charitable successions? If so, did the condition contained in paragraph tenth

of the will come into existence by which all of the charitable legatees were not " exempt from estate and inheritance taxes "? Each of these questions must be answered in the negative. Neither the Federal Government nor the State, under the present statutes, has imposed a tax upon any form of benefit passing to charities. This is demonstrated clearly by the recent decision of the United States Supreme Court in *Harrison* v. *Northern Trust Co.* (317 U. S. 476).

In that case, the testator, a resident of Illinois, gave the residue of his estate to four charitable corporations. The will contained no provision for the payment of estate taxes except for a direction that the estate taxes upon certain specific bequests to individuals be paid out of the general estate. Under the law of Illinois the Federal estate tax was a charge against the entire estate and not against the residue. The Commissioner of Internal Revenue ruled, under the authority of section 807 of the Revenue Act of 1932, that only that portion of the residue which was actually distributable to the charitable beneficiaries, namely, the amount remaining after payment of the estate tax, was deductible as a charitable gift. The District Court and the Circuit Court of Appeals disagreed with that interpretation of the statute. They held the section inapplicable because, under Illinois law, the Federal tax was a charge against the entire estate and not against the residue, and that, therefore, the tax was not " payable out of " the residuary bequest to charity. They accordingly followed the decision in *Edwards* v. *Slocum* (264 U. S. 61, *supra*) and permitted a deduction of what would have been the amount of the residue if there had been no estate taxes.

In reversing the lower courts and sustaining the Commissioner, the Supreme Court, in an opinion by Mr. Justice MURPHY, reviewed the legislative history of section 807 and explained its purpose. That statute " was intended as ' a legislative reversal of the decision ' in *Edwards* v. *Slocum* " (*supra*). The court held that Congress used the words " payable out of " in the sense of " diminished or reduced by " the payment of the tax. The House Report made prior to the enactment of section 807 stated: " The purpose of this amendment is to limit the deduction for charitable bequests, etc., to the amount which the decedent has in fact and in law devised or bequeathed to charity. Under existing law no consideration can be given to any estate, succession, legacy, or inheritance taxes imposed with respect to a decedent's estate even though by the terms of his will or the local law they actually reduce the amount of

such bequest or devise.'' (House Report No. 708, 72d Congress, 1st Session, p. 49.) Mr. Justice MURPHY, after reviewing the history of the statute, continued: '' This legislative history is conclusive in favor of the Government's contention that respondents [the executors] are entitled to deduct only the amount of the residuary estate *actually passing* to the charitable beneficiaries after provision is made for the payment of the federal estate tax.'' (Italics and bracketed words mine.)

The same effect and purpose must be given to the identical provisions of the New York statute for the purpose of '' maintaining the uniformity of administration of the Tax Law (Cons. Laws, ch. 60) which the Legislature has sought to achieve.'' (*Matter of Weiden*, 263 N. Y. 107, 110.)

The next of kin contend that under the existing law the permissible deduction for charitable bequests is not the whole residuary estate, but a smaller amount, namely, the residuary estate reduced by the estate taxes. In this argument they display a lack of understanding of what is meant by the term '' residuary estate ''. They envision some sort of a theoretical residue or tentative residue entirely apart from the true residue, the income of which the beneficiaries are actually to receive. We are concerned here not with imaginary figures of speech but with practical realities. A residue is what is left after the payment of paramount claims. In computing the residuary estate, taxes directed to be paid therefrom must be deducted. (*Matter of Gray*, 176 Misc. 829, 833.)

It was the intention of both the State and Federal Governments that in the computation of the exemption to charities, only the amount '' actually passing to the charitable beneficiaries '' was to be exempt. (*Harrison* v. *Northern Trust Co.*, 317 U. S. 476, *supra*.) When the testator here used the terms '' the provision for any of these beneficiaries '', he meant the amount actually passing to them. That amount is wholly and completely exempt from any estate tax.

Mr. Paine, the testator, executed his will in 1937, some years after the amendments referred to above. Thereafter, he executed a codicil. He and the draftsman of his will must be charged with knowledge of the existence and operation of the tax statutes at the time of the drafting of the testamentary instruments. It is not necessary to rely upon any presumption of law to impute such knowledge to him, for his will expressly provided for the manner of payment of estate taxes. When the testator contemplated possible changes in exemptions to the selected charities and wrote the conditions into his will,

he had in mind future legislation which might take away the exemption from a particular kind of charitable activity. He must have considered also that one of the named corporations might so subordinate its charitable work that it would cease to be regarded primarily as a charitable institution and would, therefore, lose its right to exemption. He desired that his fund should be used for charity and charity alone. When he directed that in the specified contingencies one or more of the organizations should be excluded from the object of his bounty, he did so in order that his general charitable plan might not be thwarted. Certain it is that he did not intend to nullify completely the entire charitable gift because of the payment of estate taxes therefrom in accordance with the express directions in his will.

The contentions of the next of kin are wholly without merit. The revelations of intention and purpose of the testator are so clear that even tenuous argument cannot dim them. It is significant that the testator made no alternative gift of the residue conditioned upon none of the charities being qualified to take. He anticipated that one or more of them might have passed out of existence or should be legally incapable of taking. The possibility that none of them could qualify must have seemed so remote as to be beyond the range of the possible. His will was carefully drawn and reveals every reasonable effort to avoid intestacy.

The respondents attempt to ascribe to the testator an intent to mock the beneficiaries with the proffered gift. They regard him as making a generous gift with one hand and taking it away with the other. In their view, what he gave in the tenth paragraph, he withdrew by the eleventh. Even if his intention were not so clearly revealed in the terms of the will, the court could not lightly impute to him such an absurd purpose.

The Surrogate, therefore, holds that each of the corporations named in the tenth paragraph of the will is qualified under the terms of the will to receive its respective share of the income of the trust. No intestacy has resulted.

Submit decree on notice construing the will accordingly.