844

**UNITED STATES v. WOODWORTH, City Assessor, et al.**

**Civil Action No. 1689.**

District Court, W. D. New York.

April 17, 1945.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (John J. Mahoney, Sp. Atty., of Rochester, N. Y., of counsel), for plaintiff.

Charles B. Forsyth, Corp. Counsel, of Rochester, N. Y. (Glenn L. Buck, Deputy Corp. Counsel, of Rochester, N. Y., of counsel), for defendants City of Rochester, William H. Woodworth, City Assessor, Haskell H. Marks, City Treasurer, and Charles B. Forsyth, Corporation Counsel.

Joseph B. Boyle, Monroe County Legal Adviser, of Rochester, N. Y., for defendants Monroe County, Clarence A. Smith, Director of Finance, and Harry Rosenberg, County Attorney.

BURKE, District Judge.

This is a suit in equity to cancel taxes and assessments against lands claimed to be owned by the United States and to have plaintiff's title quieted as against any tax claims of the City of Rochester and County of Monroe and to restrain the defendants from assessing the said lands so long as they remain the property of the United States. The plaintiff has moved for summary judgment directing the relief demanded in the complaint. The defendants have moved for judgment on the pleadings dismissing the complaint.

The defendants challenge the jurisdiction of the Court on the ground that the statute conferring jurisdiction on the district courts of all suits brought by the United States, or by any officers thereof authorized by law to sue, specifically excepts suits "to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." The exception referred to was enacted August 21, 1937, by amendment to Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41 (1). The amendment which restricts the jurisdiction of the district courts does not apply to suits brought by the United States, since it does not specifically mention the United States. City of Springfield v. United States, 1 Cir., 99 F.2d 860, certiorari denied 306 U. S. 650, 59 S.Ct. 592, 83 L.Ed. 1049; United States v. Am-

erican Bell Telephone Co., 159 U.S. 548, 554, 16 S.Ct. 69, 40 L.Ed. 255. The amendment was not directed at suits brought by the United States but against injunction suits brought by private citizens or corporations. Senate Rep.1035, House Rep. 1503, 75th Congress, 1st Session. For the propriety of resorting to congressional committee reports to determine the meaning of legislation see Harrison v. Northern Trust Co., 317 U.S. 476, 479, 63 S.Ct. 361, 87 L.Ed. 407.

The right of the plaintiff to the relief demanded in the complaint is based upon the claim that the properties are exempt from taxation because they are owned by the United States. The answers of the defendants place in issue the ownership of the United States. They assert in substance that although the legal title is held by the United States, that the properties were acquired by moneys advanced by Reconstruction Finance Corporation or its subsidiary, Defense Plant Corporation, and that the legal title is held by the United States in trust for the Reconstruction Finance Corporation or its subsidiary, Defense Plant Corporation and that, as properties of those corporations, they are not exempt from taxation, 15 U.S. C.A. § 610; that certain of the properties were acquired by condemnation in the name of the United States, pursuant to the provisions of 15 U.S.C.A. § 606b(5), and that according to the statute it was the duty of the Secretary of Commerce to transfer the title so acquired by the United States to Reconstruction Finance Corporation or Defense Plant Corporation. The plaintiff submitted the supporting affidavit of John J. Mahoney, Special Attorney of the Department of Justice, wherein it was stated of his own knowledge that the deponent knew that none of the seven tracts of land were acquired by the Reconstruction Finance Corporation of its subsidiary, Defense Plant Corporation, and that tracts 4, 5 and 6 were acquired by the War Department for its own use and that tract No. 7 was acquired by the Navy Department for its own use. Whether any of the seven tracts were in reality acquired in behalf of the Reconstruction Finance Corporation or its subsidiary, Defense Plant Corporation, depends upon facts. The matters above referred to contained in the supporting affidavit are conclusions of the affiant and would not be admissible in evidence. The question of ownership of the several parcels presents a substantial issue for trial.

Plaintiff's motion for summary judgment is denied. Defendants' motions for judgment on the pleadings are denied.