### MERCANTILE – COMMERCE BANK & TRUST CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 13587.

Circuit Court of Appeals, Eighth Circuit.

Jan. 15, 1948.

Writ of Certiorari Denied April 5, 1948.

Henry C. Lowenhaupt, of St. Louis, Mo. (Abraham Lowenhaupt, H. M. Stolar, William H. Charles and Lowenhaupt, Waite, Chasnoff & Stolar, all of St. Louis, Mo., on the brief), for petitioners.

Harry Marselli, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., and George A. Stinson, and Mr. Harry Baum, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, THOMAS and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

This is a petition to review a decision of the Tax Court which adjudged a deficiency in income tax for the year 1943. The material facts were stipulated and embodied in findings entered by the Tax Court.

In 1939 P. D. George transferred certain stock in the P. D. George Company to himself and to others as trustees in trust for his seven sons. Under the provisions of the trust instrument P. D. George retained the right and power to change the beneficiaries of the income and corpus and also the right to accelerate the distribution of the property in trust. The Commissioner determined that the trust income for 1939 was taxable to P. D. George because of the powers retained by him. The Tax Court approved the determination of the Commissioner and on appeal we affirmed. George v. Commissioner, 8 Cir., 143 F.2d 837, certiorari denied, 323 U.S. 778, 65 S.Ct. 192, 89 L.Ed. 622. Prior to 1942 P. D. George caused all the stock held in this trust for six of his seven sons to be distributed to them discharged from the trust, so that the only property in the trust during 1942 and 1943 was 100 shares of the stock held by the trustees for the seventh son, Pericles Francis George. The income from these 100 shares of stock for the years 1942 and 1943 was distributed to Pericles Francis George, who reported it as a part of his income. The Commissioner included the 1942 and 1943 income from this stock as income

of P. D. George. The Tax Court sustained the Commissioner's determination.

Unless there has been some change in the applicable law since our decision in George v. Commissioner, supra, the judgment here challenged should be affirmed. It is, however, the contention of petitioners that the 1942 amendment, § 111, to Sections 22 (b) (3) and 162 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 22 (b) (3), 162, were intended to relax or repeal the principle announced by the Supreme Court in Helvering v. Clifford, 309 U. S. 331, 60 S.Ct. 554, 84 L.Ed. 788, and followed by this court in George v. Commissioner, supra; Stockstrom v. Commissioner, 8 Cir., 148 F.2d 491; Edison v. Commissioner, 8 Cir., 148 F.2d 810; Funsten v. Commissioner, 8 Cir., 148 F.2d 805. Prior to the 1942 amendment, Section 22 (b) (3) of the Internal Revenue Code read as follows:

"The following items shall not be included in gross income and shall be exempt from taxation under this title:

\*   \*   \*   \*   \*   \*

"(3) Gifts, bequests, and devises. The value of property acquired by gift, bequest, devise or inheritance (but the income from such property shall be included in gross income)."

Section 22 (a) of the Revenue Code contains the general inclusive definition of gross income, indicating, as said in Helvering v. Clifford, supra, "the purpose of Congress to use the full measure of its taxing power" against "gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever."

Section 22 (b) (3) as amended by the Act of 1942 reads as follows: "(3) Gifts, bequests, devises, and inheritances. The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof, is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property."

It is argued by petitioners that the words in the amendment "in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income," indicates that Congress intended that the doctrine announced in Helvering v. Clifford should be abolished and that this court should now follow the words of the trust instrument even though the grantor were patently attempting thereby to create an income tax avoidance device, and as the instrument indicates that the beneficiary is to have the income all other considerations must be brushed aside and the tax liability fixed on the beneficiary or donee. It seems unlikely that Congress by this amendment intended to facilitate the avoidance of income tax by the drafting of a trust instrument which in words declares income in reality that of another. If Congress intended a result so revolutionary in character, we think it would doubtless have used language more explicit than that of the amendment. Section 22 (b) (3), as amended, speaks in general language, as it did before the amendment. It speaks of the perfect and complete trust which is recognized in statutes which provide for the imposition of the tax on trusts and the computation of the net income. Secs. 162 and 163, 26 U.S.C.A. Int.Rev.Code, §§ 162, 163. It is observed too that Sections 166 and 167, 26 U.S.C.A. Int.Rev.Code, §§ 166, 167, were left intact by the amendment. These sections require that the income of trusts in which a grantor retains substantial owner-

ship through a reserve power to retake either the trust, corpus, or income, is taxable to the grantor even though the reserve power is not exercised and notwithstanding the fact that the trustee distributes the income to the beneficiary. We have held that even one who acquires such a power from the grantor of the trust becomes taxable on the trust income under Section 22 (a). Mallinckrodt v. Nunan, 8 Cir., 146 F.2d 1; certiorari denied 324 U. S. 871, 65 S.Ct. 1017, 89 L.Ed. 1426. See, also: Emery v. Commissioner, 1 Cir., 156 F.2d 728; Jergens v. Commissioner, 5 Cir., 136 F.2d 497.

■ *For taxation purposes two types* of trust are recognized: one the complete trust where the grantor entirely separates himself from dominion over the corpus and income, and the other where he retains control of the corpus or income. Section 22 (b) (3), both before the amendment of 1942 and as amended, has reference to the perfect and complete trust and not the grantor benefit trust in which the grantor retains such control and indicia of ownership as to render the income taxable to the grantor. If Congress intended that the doctrine of Helvering v. Clifford, supra, should no longer be applicable, then Sections 166 and 167 would have been repealed. A construction which would result in such an apparent inconsistency in legislative intent should, if possible, be avoided. United States v. Raynor, 302 U.S. 540, 58 S.C. 353, 82 L.Ed. 413. What is said by the Supreme Court in Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 63, 80 L.Ed. 3, 101 A.L.R. 391, is here apposite. It is there said: "We do not regard the provisions of the statutes as to the taxation of trusts, fiduciaries and beneficiaries (Revenue Act 1926, §§ 2, 219 [26 U.S.C.A. Int.Rev.Code, §§ 3797, 161–167]; Revenue Act 1928, Secs. 161, 162 [26 U.S.C.A. Int.Rev.Code, §§ 161, 162]) as intended to apply to cases where the income of the trust would otherwise remain, by virtue of the nature and purpose of the trust, attributable to the creator of the trust and accordingly taxable to him. These provisions have appropriate reference to cases where the income of the trust is no longer to be regarded as that of the settlor, and we find no warrant for a construction which would preclude the laying of the tax against the one who through the discharge of his obligation enjoys the benefit of the income as though he had personally received it."

■ *Petitioners' contention to the effect* that the amendment was intended to apply to all trusts, whether tax evasion, grant or benefit trusts or complete and perfect trusts, at most gives rise to uncertainty in the use of the language. In such circumstances resort may be had to the legislative history. The report of the Senate Finance Committee explaining the amendment to Section 22 (b) (3) contains the following: "* * * Under existing law, the value of property acquired by gift, bequest, devise, or inheritance, but not the income therefrom, is excluded from gross income by the provisions of section 22 (b) (3) of the Code. This section has been construed as not requiring the exclusion from gross income of amounts received under a gift, bequest, or devise of a right to income from property. (Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897 * * *) This construction of the existing law is now written into the bill for the sake of clearness. * * * This section is not intended to state a new rule with respect to taxability of trust income between the nominal beneficiary and the creator of the trust where the latter would be taxable under section 22 (a) upon the income of the trust, or with respect to the assignment of earnings or other income where the assignor remains taxable. The section applies only to those cases where the amounts paid or credited at intervals were excluded from the beneficiary's or donee's income by reason of the provisions of section 22 (b) (3)."

■■ It would do violence to the rules of statutory construction or interpretation to single out and divorce a single phrase in a section without reference to the other portions of the Act and without reference to the manifest purpose of Congress. The legislative intent is to be determined "not by taking the word or clause in question from its setting and viewing it apart, but by considering it in connection with the context, the general purposes of the statute in which it is found, the occasion and cir-

cumstances of its use, and other appropriate tests for the ascertainment of the legislative will." Helvering v. Stockholms, Enskilda Bank, 293 U.S. 84, 55 S.Ct. 50, 54, 79 L.Ed. 211. See, also: United States v. American Trucking Ass'n, 310 U. S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345; Harrison v. Northern Trust Co., 317 U.S. 476, 63 S.Ct. 361, 87 L.Ed. 407.

We are of the view that petitioners' contentions are without merit and the order appealed from is therefore affirmed.