**CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RY. CO. v. KELM, Collector of Internal Revenue.**

Civ. 1672.

United States District Court
D. Minnesota, Third Division.

May 26, 1952.

Nelson Trottman, Chicago, Ill., and Warren Newcome, St. Paul, Minn., for plaintiff.

Maurice P. Wolk, Special Asst. to the Atty. Gen., Clarence U. Landrum, former U. S. Atty., William P. Murphy, former Assistant U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff brings this action to recover employment taxes for the year 1947. Payment of the taxes under protest, timely claim for refund, and denial thereof, are admitted by defendant.

The assessment and payment of the taxes stem from defendant's ruling and contention that employees of Shipley Company, a co-partnership composed of Charles Shipley of Omaha, Nebraska, and John Tonrich of Minneapolis, Minnesota, were at all times during the taxable year 1947 employed in the service of plaintiff, within the meaning of 26 U.S.C.A. Internal Revenue Code, § 1532(d), 60 Stat. 722, as amended and set out in the margin.[1]

Plaintiff contends that the tax in question is directed at individuals who were not on its payroll for the reason that in fact and law they were not employed by it as

1. Public Law 572, § 1, 79th Congress, Act of July 31, 1946, limited to present purposes, reads as follows:

"An individual is in the service of an employer whether his service is rendered within or without the United States if (i) he is subject to the continuing authority of the employer to supervise and direct the manner of rendition of his service, or he is rendering professional or technical services and is integrated into the staff of the employer, or he is rendering, on the property used in the employer's operations, other personal services the rendition of which is integrated into the employer's operations, and (ii) he renders such service for compensation * * *."

contemplated by the quoted statute, and hence there was no duty devolving on plaintiff to withhold compensation due such individuals or to make payment to defendant under the Carriers' Taxing Act, 45 U.S.C.A. § 261 et seq.

The facts are almost identical to those involved in a like case litigated with reference to a situation that arose prior to the amendment.[2] Plaintiff had habitually, since 1907, been letting the performance of certain services by agreement with an independent contractor. The Shipley Company had been in the business of furnishing such contract services to plaintiff and other railroads since 1923. The contract and services therein provided for had to do with the storing of coal and ice; placing coal in chutes and coaling locomotives therefrom; cleaning and icing railroad cars and in general performing other work, labor and services incidental to the foregoing. Plaintiff, during the years preceding the taxable year involved, had consistently pursued a policy of contracting out the class of work included in the contracts here involved.

The Shipley Company specialized in handling ice and coal for railroads, operating plants in connection therewith and cleaning cars as specified in the contract. For that purpose it provides its own capital, maintains bank balances, and furnishes its own system of records, books and accounting at places established and maintained by it for the conduct and carrying on of its business. It hires, controls and fires its employees without benefit of the advice or direction of plaintiff. Such employees are not subject to the rules or order of plaintiff, and have no rights of seniority or similar privileges customarily accorded employees of a common carrier railroad. Wages, together with increases or decreases thereof, are initiated and dictated by the Shipley Company exclusively, which company also filed reports under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and submitted to the jurisdiction and orders of the Wage and Hour

Division of the Department of Labor by payment of substantial sums of money for violation of the last-named Act.

The Shipley Company carried workmen's compensation and public liability insurance in connection with its employees and the work, labor and services performed by them.

Due to the increased use of Diesel power by plaintiff, the contracts between plaintiff and the Shipley Company were altered in 1947, the latter company submitting two plans, one based upon a fixed amount per ton of coal handled for plaintiff by the Shipley Company, and the other on a cost-plus-a-fee per month or year. Plaintiff elected the last-described alternative.

Throughout operations under the contracts involved the Shipley Company reported to public authorities as an employer under Social Security and state workmen's compensation acts. Except for the carrying out of the services required on the premises of plaintiff, the evidence portrays independence by the Shipley Company in the complete control of all Shipley employees and the manner and means of carrying out the terms of the contract. The foregoing will suffice as a statement of the pertinent facts.

The record does not support any suggestion of tax evasion or avoidance, nor do I understand that defendant makes any claim to that effect.

 Resort to legislative history where statutory language is sensible and unambiguous is unnecessary.[3] "But words are inexact tools at best and for that reason there is wisely no rule of law forbidding resort to explanatory legislative history no matter how 'clear the words may appear on "superficial examination." ' " Harrison v. Northern Trust Co., 317 U.S. 476, 479, 63 S.Ct. 361, 363, 87 L.Ed. 407. The language of Section 1532 (d) has been altered by amendment. I do not feel that the section, as amended, is entirely free from ambiguity. Where the intent is not clearly expressed in the stat-

2. Reynolds v. Chicago, St. P. M. & O. Ry. Co., 8 Cir., 168 F.2d 943.

3. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207; Warner v. Dworsky, 8 Cir., 194 F.2d 277.

ute, resort may be had to relevant committee reports to determine the legislative intent.[4]

The amendatory changes in the statute were made by a bill known as the "Crosser Act", which was originally introduced in the House of Representatives as H.R. 1362. It is undisputed that the proponents of the bill had as their goal the enactment of a law which would bring all the persons who were employed by independent contractors to do work in the railroad industry within the scope of the Railroad Retirement Act, 45 U.S.C.A. § 228a et seq., and the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 351 et seq. The original section (1) of the bill provided for this by making each of the various independent contractors engaged in such work an "employer" under the Act. The bill passed the House of Representatives without change and was reported out without amendment by the Senate Interstate Commerce Committee. The opposition on the floor of the Senate was stronger than that marshalled in the House, and by amendment section (1) was stricken from the bill and certain parts of section (2) were deleted, since they had referred specifically to provisions of section (1). It was with these modifications that the bill was subsequently enacted into law.

Prior to the amendment to the language of Section 1532(d), this court held that the employees of the Shipley Company and those of other independent contractors doing work in the railroad industry of a similar nature were not "employees" of the railroad, within the meaning of the statute,[5] even though the administrative agency regulations had consistently taken a contrary position.

It is the contention of defendant that the statute as amended now has the effect of bringing the Shipley Company employees within the scope of Section 1532(d) as employees of plaintiff. I have been unable to find support for this position in the pertinent Committee reports.

The thesis of the proponents for bringing the law into conformity with the position taken by the administrative agencies appears to have been that embodied in the original section (1) of the Crosser Act—to designate the independent contractors as employers under the Railroad Retirement Act and the Railroad Unemployment Insurance Act. The bill as finally enacted contained no such provision. The employees of Shipley Company are not on the payroll of plaintiff but are the employees of an independent contractor. Had Congress intended to designate the employees of independent contractors engaged in work in the railroad industry as employees of the railroad it should have done so by a specific provision. The court may not extend the scope of a tax-levying statute beyond the clear meaning of the language used. Any doubt must be resolved in favor of the taxpayer.[6]

The effect of the amendment made to Section 1532(d) by the Crosser Act has not heretofore been decided by a court in this Circuit. However, in a very recent case,[7] the Court of Appeals for the Tenth Circuit held that the language of the bill as finally enacted was not intended to include the employees of independent contractors, such as the Shipley Company, within "the scope of the act insofar as employment taxes were concerned." In the administration of a taxing statute, uniformity of decision among the Circuits is desirable, and unless demonstrably wrong, or unless there are cogent reasons for its rejection, the decision of the Tenth Circuit in Nicholas v.

4. Harrison v. Northern Trust Co., supra; Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1039; Coates v. United States, 8 Cir., 181 F.2d 816, 199 A.L.R.2d 840.

5. Chicago, St. P., M. & O. R. Co. v. Reynolds, D.C., 68 F.Supp. 499, affirmed 8 Cir., 168 F.2d 943.

6. United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240; Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156; Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410.

7. Nicholas v. Denver & Rio Grande W. R. Co., 10 Cir., 195 F.2d 428, 433.

Denver & Rio Grande W. R. Co., supra, should be followed.[8] I am of the opinion that the decision reached by that Court was correct and that the amendment is not effective to bring the employees of the Shipley Company within the purview of the statute as employees of plaintiff.

Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Defendant may have an exception.

---

8. Birmingham v. Geer, 8 Cir., 185 F.2d 82, 85; United States v. Armature Rewinding Co., 8 Cir., 124 F.2d 589, 591; Grain

Belt Supply Co. v. Commissioner, 8 Cir., 109 F.2d 490, 492; Bright v. State of Arkansas, 8 Cir., 249 F. 950, 952.