Genevieve E. **FRANKEL**, Executrix of the Estate of Samuel F. Frankel, deceased, and Genevieve E. Frankel, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 3–60–199.

United States District Court
D. Minnesota,
Third Division.

Feb. 28, 1961.

Brehmer & McMahon by C. Stanley McMahon, Winona, Minn., for plaintiff.

Fallon Kelly, U. S. Atty., St. Paul, Minn., John T. Piper, Attorney, Dept. of Justice, Washington, D. C., for defendant.

DONOVAN, District Judge.

Plaintiffs bring this action against defendant to recover a refund of income taxes paid for the calendar year 1956 in the amount of $3,239.50, plus interest.

The facts were stipulated by the parties and are herewith outlined in brief:

The plaintiff is the widow of Samuel F. Frankel, who died on February 22, 1956. On March 15, 1956, the board of directors of the Badger Foundry Company, a corporation which the decedent had served in an executive capacity, passed a resolution authorizing that plaintiff as decedent's widow be paid the bonus earned by the decedent for the first quarter of 1956, and to continue to pay to her the monthly salary which the decedent had been getting for the balance of the calendar year 1956. The corporation also transferred to plaintiff a company-owned automobile which had been used by the decedent in the business before his death. The bonus, the salary and the car were turned over to the widow and not to the estate of decedent. There was no consideration for any of these transfers as plaintiff did not and never had had any part in the operation of the corporation's business. The company took a deduction for compensation paid to said deceased officer, which included payment to decedent of salary up to the time of death, and for the balance of the calendar year 1956.

The sole question for decision in the instant case is whether the aforementioned payments constituted gifts and were, therefore, excludible from gross income under Section 102 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 102 [1], or whether the amount in excess of $5,000 was includible as gross income

1. "(a) *General Rule.*—Gross income does not include the value of property ac-

quired by gift, bequest, devise, or inheritance."

under Section 101(b)[2] of said Code, 26 U.S.C.A. § 101(b).

A provision similar to Section 101(b), supra, appeared in the Internal Revenue Code of 1939[3], and resulted in numerous decisions against the Government in cases of this nature; so many, in fact, that in 1958 the Commissioner of Internal Revenue announced that, in view of the adverse court decisions in cases involving voluntary payments to widows by their deceased husband's employers, it would no longer litigate such cases.[4] The Government did not commit itself at that time on cases arising under the 1954 Code.

Plaintiff contends the 1954 Code has incorporated the provisions of the 1939 Code and the law, therefore, should be interpreted similarly.

Defendant, while admitting defeat of said issue in cases arising under the 1939 Code, nevertheless claims the 1954 Code is to be distinguished, contending that Section 101(b) (2) (A) limits the total amount excludible under the general rule to $5,000[5] and, therefore, all remaining amounts received by the estate or beneficiary of the deceased employee are subject to tax.

That Badger Foundry was under no legal obligation to make these payments is undisputed. The chief bone of contention appears, then, to be this: If, as plaintiff contends, the 1939 Code and the 1954 Code are to be given the same interpretation, then Section 101(b) does not apply to the instant case, and Section 102 is determinative as to whether or not the payments to plaintiff are taxable.

However, if, as defendant contends, the 1954 Code has limited the excludible amount to $5,000, it is immaterial whether or not the payments are to be regarded as gifts under Section 102, since said payments were made "by or on behalf of an employer and are paid by reason of the death of the employee"[6], and clearly come within the meaning of Section 101 (b).

An examination of recent decisions reveals that the Government has continued in its failure to convince the courts of the claimed distinction arising out of transactions similar to the case at bar under the 1954 Code.[7] Admittedly, courts in other cases have stated by way of dicta that Section 101(b) of the 1954 Code should be interpreted to limit the exclusion of such payments even though they would otherwise qualify as gifts under Section 102.[8] Such interpretation would border on judicial legislation. Correction is for the Congress.

 It is clear that the added provision of the 1954 Code has not resolved the apparent ambiguity between Section 101(b) and Section 102. In the absence of a clear showing that the intent of the statute is otherwise, it is my opinion that the Reed and Cowan cases, supra, are controlling. The law is well established that where there is doubt or ambiguity in the interpretation of tax laws, such doubt or ambiguity shall be resolved in favor of the taxpayer.[9] Congress could

---

2. "(1) *General Rule.*—Gross income does not include amounts received (whether in a single sum or otherwise) by the beneficiaries or the estate of an employee, if such amounts are paid by or on behalf of an employer and are paid by reason of the death of the employee.

"(2) *Special Rules for Paragraph (1).*—

"(A) *$5,000 Limitation.*—The aggregate amounts excludible under paragraph (1) with respect to the death of any employee shall not exceed $5,000."

3. Int.Rev.Code of 1939, Sec. 22(b) (2), 26 U.S.C.A. § 22(b) (2).

4. T.I.R.–87, August 25, 1958.

5. The $5,000 exclusion limit was not included in the 1939 Code.

6. Int.Rev.Code of 1954, Sec. 101(b).

7. Reed v. United States, D.C.Ky., 177 F. .Supp. 205; Cowan v. United States, D.C. N.D.Ga., 191 F.Supp. 703.

8. Bounds v. United States, 4 Cir., 262 F. 2d 876; Rodner v. United States, D.C., S.D.N.Y., 149 F.Supp. 233.

9. Chicago, St. Paul, Minneapolis & Omaha Ry. Co. v. Kelm, D.C.Minn., 104 F. Supp. 745, 747 (affirmed 8 Cir., 206 F.2d 831), and cases cited in footnotes.

very easily have manifested any other intent by a limiting or qualifying provision.

Defendant relies on Ginsberg & Sons v. Popkins, 285 U.S. 204, at page 208, 52 S.Ct. 322, 323, 76 L.Ed. 704, where the Court said:

"General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment."

It is my opinion that the exclusion given to gifts in Section 102 is not sufficiently "specifically dealt with" in Section 101(b) to warrant application of this doctrine. Accordingly, for reasons heretofore expressed, it is the finding of this Court that plaintiff is not excluded from the tax exemption sought by reason of Section 101(b) of the 1954 Code.

Turning now to Section 102 of the 1954 Code, we are at once confronted with the problem of what constitutes a gift within the meaning of this section. Defendant relies on the recent case of Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 [10], decided June 13, 1960. In that case the Supreme Court rejected the suggestion of the Government that a new "test" be applied to serve as a standard for the trial courts to use in dealing with the numerous cases that arise, saying at page 284, 80 S.Ct. at page 1196:

"* * * We are of the opinion that the governing principles are necessarily general and have already been spelled out in the opinions of this Court, and that the problem is one which, under the present statutory framework, does not lend itself to any more definitive statement that would produce a talisman for the solution of concrete cases * * *."

The Court, in its reluctance to offer any further determinative criteria, by implication regards the case law on this point as satisfactory interpretation of the statutes. It is equally clear that the determination of the problem of gift versus compensation in cases of this kind is not affected by the 1954 Code, since Section 102 appeared in the 1939 Code in the same form.[11]

Plaintiff at the threshold of the instant case was met with a presumption that the finding of the Commissioner is correct. This I am satisfied has been rebutted and overcome. No flexible legal test can be applied in the determination of what is an excludable gift for income tax purposes; hence, as such cases arise they must stand on their own facts.[12]

In my opinion the tax imposed in the case at bar was erroneously assessed and collected. Accordingly, judgment must be, and the same hereby is, granted for plaintiff.

It is so ordered.

Plaintiff may submit findings of fact, conclusions of law and order for judgment consistent with the foregoing.

Defendant may have an exception.

10. Consolidated with Stanton v. United States in the decision. Although the facts in both of these cases involved alleged gifts to living persons by an employer, the Court has painstakingly set out the factors determinative of a gift within the meaning of the statute.

11. Internal Revenue Code of 1939, Sec. 22(b) (3).

12. Commissioner of Internal Revenue v. Duberstein, supra; United States v. Kasynski, 10 Cir., 284 F.2d 143, 145.