**DISTRICT DIRECTOR OF INTERNAL REVENUE, Appellant,**

v.

**LONG BEACH JUNIOR CHAMBER OF COMMERCE, Appellee.**

**No. 18704.**

United States Court of Appeals Ninth Circuit.

Feb. 7, 1964.

---

6. 40 T.C. 315 (1963).

7. Title 22, District of Columbia Code, § 201 (1961).

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum and Gilbert E. Andrews, Attys., Dept. of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Section, and Richard G. Sherman, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Riedman & Dalessi, and James W. Edson, Long Beach, Cal., for appellee.

Before ORR, JERTBERG and BROWNING, Circuit Judges.

ORR, Circuit Judge:

The trial court found that the Long Beach Junior Chamber of Commerce was a "civic or community membership association" within the meaning of section 4233(a) (3) of the Internal Revenue Code of 1954, and thus was entitled to the admissions tax exemption provided in that section. The government here challenges that finding.

As set forth in its Constitution and By-Laws, the purpose of the Long Beach Junior Chamber of Commerce is:

"to provide the younger business and professional men of the City of Long Beach a medium for training in citizenship and Chamber of Commerce work, to promote and publicize the civic, industrial, recreational, and educational activities of the community, to secure and disseminate accurate information relating thereto, to oppose legislation unfavorable thereto, and to promote and support legislation favorable thereto.

"The organization shall be nonpartisan in all respects and shall not at any time endorse any candidate or individual for public office; and it shall be the policy of this organization to refrain from endorsing or opposing any and all definitely partisan measures."

The activities of the taxpayer have included the following: "Boys Junior Olympics", an annual boys track meet; "Wings Over the World", an activity designed to publicize aviation; a Christmas Tree Lighting Contest; "Operation Phone Santa", where members of the organization take calls from children to Santa Claus; "My True Security", an essay contest; good citizenship awards; the "Miss Welcome to Long Beach Contest", where a girl to welcome beauty contestants to Long Beach for the Miss Universe Contest is selected; "Christmas Cheer Clearing House", where food and gifts are gathered and distributed to needy families during the Christmas season; social surveys in the area requested by the City of Long Beach and other governmental agencies; programs to combat juvenile delinquency such as having the Wink Martindale Television Show held at the Long Beach Municipal Auditorium for several weeks, and publicizing same in Long Beach schools; and sponsorship of shows in which Duke Ellington, Fred Waring, Spade Cooley, and others appeared. No profit, commission, or bonus has inured to the benefit of any member of the Long Beach Junior Chamber of Commerce from these activities.

The statute in question here reads:

"§ 4231. Imposition of tax
"There is hereby imposed:
"(1) General.—
"(A) Single admission.—
"A tax of 1 cent for each 10 cents or major fraction thereof of the amount in excess of $1 paid for admission to any place.
*    *    *    *    *    *

"§ 4233.  Exemptions

"(a) Allowance.—

"No tax shall be imposed under section 4231 in respect of:

\*    \*    \*    \*    \*    \*

"(3) Certain musical or dramatic performances.—

"Any admissions to musical or dramatic performances conducted by a civic or community membership association if no part of the net earnings thereof inures to the benefit of any stockholders or members of such association."

The performance on which the government claims that the admissions tax was described as follows in the trial court's proper was findings of fact:

"On January 29, and 30, and February 1, 2 and 3 of 1959 the plaintiff sponsored at the Long Beach California Municipal Auditorium an American version of the Oberammergau Passion Play.  The performance was presented by a professional theatrical group, Consolidated Concerts Corporation, 30 Rockefeller Plaza, New York, New York, for a consideration of $7,500.  The net proceeds, if any, after payment of this consideration and other necessary expenses would go to the Long Beach Junior Chamber of Commerce 'Youth Activities Fund'."

■  The government contends that "the term 'civic or community membership association' as used in Section 4233 (a) (3) has reference only to those non-profit membership associations which are organized and operated primarily for the purpose of conducting musical or dramatic performances for the cultural benefit of the members of the association, such as civic music associations whose members pay annual dues for the right to attend a series of concerts."  It requires a rather tortuous twisting of the plain meaning of the statute's words to reach the result contended for by the government, and our conclusion is that it says no such thing.  The term "civic or community" contemplates an association formed for purposes beneficial to the community as a whole; one in which members of the community cooperate for community ends.[1]  Taxpayer's purposes and prior activities indicate that it is precisely the type of association described in the statute.

■  The several exemptions from the admissions tax for non-profit musical and dramatic productions contained in section 4233 [2] indicate that Congress intended to encourage such productions by eliminating the economic burden of the admissions tax on them.  In view of this policy, there is no reason to engraft onto the statute a limitation denying the exemption to a civic or community membership association formed for general purposes which also engages in musical or dramatic productions.  The "primary purpose" test urged by the government would deny the exemption to those associations which are most public in nature and limit its benefits to those associations whose activities are more oriented toward benefiting their members, and not the community as a whole.

We find nothing in the legislative history which would justify ignoring the clear and unambiguous language of the section, even assuming we would be free to do so.[3]

Affirmed.

---

1.  See Erie Endowment v. United States, 316 F.2d 151 (3d Cir. 1963); United States v. Pickwick Electric Membership Corp., 158 F.2d 272 (6th Cir. 1946); and Debs Memorial Radio Fund v. Commissioner, 148 F.2d 948 (2d Cir. 1945), all construing the phrase "civic leagues or organizations" which appears in § 501 (c) (4) of the Internal Revenue Code of 1954.

2.  Int.Rev.Code of 1954, § 4233(a) (1) (A) (iv), (a) (3), (a) (7).

3.  Compare United States v. Public Util. Comm. of Calif., 345 U.S. 295, 315, 73 S.Ct. 706, 97 L.Ed. 1020 (1953), and Gilbert v. Commissioner, 241 F.2d 491 (9th Cir. 1957), with Harrison v. Northern Trust Co., 317 U.S. 476, 479, 63 S. Ct. 361, 87 L.Ed. 407 (1943), and United States v. American Trucking Ass'n, 310 U.S. 534, 543-544, 60 S.Ct. 1059, 84 L. Ed. 1345 (1940).