**Howard REED, Executor under the Last Will and Testament of Estelle Noe-Lewis, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 4413.**

United States District Court, S. D. Illinois.

Aug. 18, 1970.

---

Owen, Roberts, Susler & Taylor (Robert Owen), Decatur, Ill., for plaintiffs.

Frank J. Violanti, U. S. Atty., Springfield, Ill., Robert Hipple, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

POOS, Chief Judge.

This matter having come on for trial before the Court on April 30, 1970 on a stipulation of facts and without a jury, the Court, having duly considered the evidence, the briefs submitted by the parties and the oral argument, and being fully advised therein, now makes the following Findings of Fact and Conclusions of Law, pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. The plaintiff is the duly appointed executor under the Last Will and Testament of Estelle Noe-Lewis (hereinafter referred to as decedent), having been appointed as such by the Circuit Court of Piatt County, Monticello, Illinois on June 7, 1966. (Stip. par. 1.)

2. The decedent's will, and a codicil thereto, was filed with the Circuit Court of Piatt County, Monticello, Illinois on April 15, 1966 and admitted to probate on June 7, 1966. Article 12 of the Will provided that the residue of the estate, after payment of all debts and expenses and after distribution of several specific bequests, was to be placed in trust for various charitable purposes. (Stip. par. 8.)

3. Thereafter, a suit to contest the will was instituted by several heirs at law of the decedent on the grounds that she was incompetent at the time the will, and the codicil, were executed.

4. In order to obtain a dismissal of this contest and to close the estate, a settlement was entered into between the will contestants and the executor of the estate, the plaintiff here, calling for the payment of $100,000 to the contestants by the executor in full settlement of the contest and all other claims or causes of action which the contestants may have had. (Stip. par. 9.)

5. The settlement agreement and payment of $100,000 out of the assets of the estate reduced the amount of the residue of the estate so that the charitable beneficiaries received $100,000 less than they would have received under Article 12 of the will but for the will contest and settlement.

6. The charitable beneficiaries named in Article 12 of the will agreed to and authorized the executor to enter into the above settlement agreement on their behalf.

7. On the federal estate tax return filed by the estate on June 26, 1967, no estate tax was shown as due and owing. Included as a deduction on the estate tax return was a charitable contribution in the amount of $1,418,991.14 for the residuary bequest to charity, the amount which the charitable beneficiaries would have received but for the $100,000 will contest settlement payment. (Stip. par. 4.)

8. Subsequently, an estate tax deficiency of $13,772.51 was assessed against the estate by the District Director of Internal Revenue, Springfield, Il-

linois and this amount, together with interest of $842.20, was paid by the estate on July 19, 1968. (Stip. par. 5.)

9. The deficiency assessed against the estate was based upon the failure of the estate to reduce the amount of the charitable deduction claimed by the $100,000 will contest settlement payment. (Stip. par. 4.)

10. On July 19, 1968, the plaintiff filed a claim for refund of estate taxes in the amount of $13,772.51 and assessed interest in the amount of $842.40. The claim for refund was disallowed by the District Director by certified mail. (Stip. par. 6.)

## CONCLUSIONS OF LAW

1. This action was timely brought against the United States, venue is proper and this Court has jurisdiction pursuant to the provisions of Title 28, United States Code Section 1346(a) (1).

2. The taxpayer has the burden of proving that its taxes were in fact overpaid. Compton v. United States, 334 F.2d 212 (C.A.4, 1964). Not only has the plaintiff failed to meet his burden, but further, the trial record shows the District Director's determination to be clearly correct.

3. Section 2055 of the Internal Revenue Code of 1954 (26 U.S.C. Section 2055) generally permits a deduction, for federal estate tax purposes, for all bequests or other transfers to or for a charitable purpose. This general rule is clarified by Treasury Regulations Section 20.2055–2(d) which provides, in pertinent part, as follows:

> *Payments in Compromise.* If a charitable organization assigns or surrenders a part of a transfer to it pursuant to a compromise agreement in settlement of a controversy, the amount so assigned or surrendered is not deductible as a transfer to that charitable organization.

4. The above regulation, which is substantially similar to Treasury Regulations 105, Section 81.44, effective February 10, 1939, under the Internal Revenue Code of 1939, has the full force and effect of law unless it is clearly inconsistent with the statute under which it is promulgated. Maryland Casualty Co. v. United States, 251 U.S. 342, 40 S. Ct. 155, 64 L.Ed. 297 (1920); Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831 (1948); United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967). This regulation is clearly valid and consistent with the intent of Section 2055, particularly here since it has existed in substantially the same form for many years despite legislative change and reenactment of the statute. National Lead Co. v. United States, 252 U.S. 140, 40 S.Ct. 237, 64 L. Ed. 496 (1920); Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791 (1952). Finally, the Regulation in question has been specifically considered and upheld as reasonable and valid in Luehrmann's Estate v. Commissioner of Internal Revenue, 287 F.2d 10 (C.A.8, 1961).

5. In addition to Treasury Regulation Section 20.2055–2(d) which is sufficient alone to dispose of the plaintiff's claim here, there is a long line of case law which makes it clear that the deduction permitted to an estate for a charitable gift or bequest in a situation such as this must be limited to the amount which the charity actually receives from the estate. Harrison v. Northern Trust Co., 317 U.S. 476, 63 S. Ct. 361, 87 L.Ed. 407 (1942); Luehrmann's Estate v. Commissioner of Internal Revenue, *supra*; Sage's Estate v. Commissioner of Internal Revenue, 122 F.2d 480 (C.A.3, 1941); Thompson's Estate v. Commissioner of Internal Revenue, 123 F.2d 816 (C.A.2, 1941); Irving Trust Co. v. United States, 221 F.2d 303 (C.A.2, 1955), cert. denied, 350 U.S. 828, 76 S.Ct. 59, 100 L.Ed. 740 (1955). A related case, Lyeth v. Hoey, 305 U.S.

188, 59 S.Ct. 155, 83 L.Ed. 119 (1938), makes it clear that, for income tax purposes, amounts received in settlement of a will contest are an inheritance and not income. Since this holding is equally applicable to the estate tax (Helvering v. Safe Deposit Co., 316 U.S. 56, 62 S.Ct. 925, 86 L.Ed. 1266 (1942)), it must be concluded that the $100,000 will contest settlement payment represented an inheritance which, by definition, reduces the residue of the estate available for distribution to charity.

■ 6. While it is true, as the plaintiff contends, that state law is generally controlling on the issue of the nature of property rights involved, federal law governs the deductibility of the charitable bequests in question. Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). Here, there is no dispute over the respective property rights of the various claimants. The only dispute is the amount of the charitable deduction permitted to the estate as a result of those property rights. Accordingly, plaintiff's reliance on state decisions interpreting the Illinois inheritance tax is misplaced. It should also be noted that plaintiff's reliance on Continental Illinois Nat. Bank & Trust Co. v. Commissioner of Internal Revenue, 38 B.T.A. 220 (1938), is hardly convincing inasmuch as the Supreme Court, in Lyeth v. Hoey, *supra*, reversed the Second Circuit case (Lyeth v. Hoey, 96 F.2d 141 (C.A.2, 1938) upon which it was based, and since no later court, including the Tax Court, has ever agreed with or followed that conclusion.

7. Based upon both Treasury Regulation 20.2055–2(d) and the long line of case law, it is clear that the District Director's determination was correct and that there is no basis for any recovery by the plaintiff.

8. Therefore, Judgment must be for the defendant, with its costs, and the plaintiff's complaint must be dismissed.