Mr. Don Cox, Chairman Arkansas Athletic Commission 3826 Magnolia Street North Little Rock, Arkansas 72116
Dear Mr. Cox:
This is in response to the Commission's request for an opinion on two questions regarding the authority of the Commission with respect to the licensure of authorized organizations to conduct athletic events under A.C.A. §§ 17-19-201—17-19-306. Specifically, the two questions posed are as follows:
 1. Under the statutes of the State of Arkansas, the Commission is authorized to approve and authorize certain representatives to conduct those events which are set forth by statute. Question has been made as to whether an `authorized organization' approved by the Commission through its sponsorship can conduct athletic events at any location within the State of Arkansas.
 2. Under the statutes of Arkansas, authorization is given to a duly chartered civic club if approved by the Commission. Opinion is requested as to what is meant by a `duly authorized civic club.'
In my opinion, the answer to your first question appears to be "yes." The relevant statutes do not specifically address this issue. They provide only that the Commission shall have the authority to issue annual licenses to the organizations listed in the act, and that these licenses shall expire on June 30 of each year. A.C.A. § 17-19-204. Additionally, no specific restriction as to the location of the athletic events is contained in the subchapter governing licensure. See A.C.A. §§ 17-19-301—306 (Cum. Supp. 1991). It is therefore my opinion that there is currently no restriction as to the place in the state a licensed organization may hold an event.
Your second question inquires as to the meaning of the term "duly authorized civic club." It should be noted that the relevant term used in the statutes is "chartered civic club." See A.C.A. §§17-19-301 and -302. This language, of course, requires that the civic club be "chartered." This term is defined by Black's LawDictionary (5th ed. 1979) as follows:
 An act of a legislature creating a corporation, or creating and defining the franchise of a corporation. Also a corporation's constitution or organic law; that is to say the articles of incorporation taken in connection with the law under which the corporation was organized. The authority by virtue of which an organized body acts. A contract between the state and the corporation, between the corporation and the stockholders, and between the stockholders and the state.
Black's, supra, at 214.
This language implies that the organization has some written document governing its operation, and implies that this document has been either filed with or approved by the State. Burns v.Manhattan Brass Mut. Aid Society, 92 N.Y.S. 846,102 App. Div. 467 (1905). Charters are not created by the act of the corporation or association but are granted by the sovereign power of the state.
The term "civic club" is not defined in the statutes, and in fact is defined nowhere in the Arkansas Code, nor in any reported Arkansas court decision. Courts of other states, however, have had an opportunity to define the term, or similar terms, and these definitions may be of assistance to the Commission is making a judgment as to the eligibility of a particular organization.
In U.S. v. Pickwick Elec. Membership Corp., 158 F.2d 272 (6th Cir. 1946), the court held that the term "civic league or organization" embodied the idea of citizens of a community cooperating to promote common good and general welfare of the people of the community. In District Director of InternalRevenue v. Long Beach Jr. Chamber of Commerce, 327 F.2d 857 (9th Cir. 1964), the court defined the term "civic or community membership association" as contemplating an association formed for purposes beneficial to the community as a whole; one in which members of the community cooperate for community ends. Finally, in Erie Endowment v. U.S., 316 F.2d 151 (3rd Cir. 1963), the court held that a corporation was not a "civic organization" where the corporation was essentially a beneficent creation of one man, no group of citizens joined with him in setting up the corporation or in contributing to the corporation and there were many uncut and uncuttable ties to the man. The court held that a "civic organization" must be a community movement designed to accomplish community ends. Id.
These definitions can thus be referred to in determining the eligibility of "chartered civic clubs" under the act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh