**HEIM et al. v. NEE, Collector of Internal Revenue.**

No. 9338.

District Court, W. D. Missouri, W. D.

May 28, 1937.

Henry L. Jost, of Kansas City, Mo., and Henry H. Asher, of Lawrence, Kan., for plaintiffs.

Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., for defendant.

OTIS, District Judge.

Gertrude H. Remey died August 5, 1932, testate. By her will she left her estate (we disregard certain lesser bequests) in trust, the income to be paid to her widower during his life, then to go for a period (thereafter the corpus was to go) to certain hospitals, charitable institutions. If the widower should have elected to reject the will and if Mrs. Remey was, at the time of her death, a citizen of the District of Columbia, the hospitals would have received nothing. If the widower should have elected to reject the will and if Mrs. Remey, at the time of her death, was a citizen of Kansas City, Missouri, the hospitals would have received $162,085.62. If the widower should have elected to take under the will the hospitals ultimately (assuming the preservation of the estate) would receive, it is estimated, $259,392.91. Whether Mrs. Remey, at the time of her death was a citizen of the District of Columbia (the place of her husband's citizenship and residence) or of Kansas City, Missouri (where she had resided before her marriage to Mr. Remey), was a controverted question.

Mr. Remey did reject the will. A compromise agreement was entered into by the interested parties whereby Mr. Remey should receive of the estate of more than a half million dollars $274,679.24 and the hospitals $145,805.20.

By the terms of the will the hospitals would have received $259,392.91. They did receive under the settlement agreement $145,805.20.[1]

The principal question presented by the case is thus stated in defendant's brief: In determining the net of the estate of the decedent subject to federal estate tax, is the amount to be deducted for testamentary charitable gifts to be computed on the basis of what decedent's will provided, or what the charities actually received pursuant to a compromise agreement, approved by a court of competent jurisdiction, by which the estate was distributed?

In plaintiffs' brief the same question is stated thus: The sole question before the court is whether the deductions for charitable purposes should be computed upon the basis of the devise and bequest made to the four hospitals in the last will and testament of said deceased, or upon the basis of a distribution made under subsequent con-

---

[1] In this and the two preceding paragraphs we have used figures taken from defendant's brief. Whether they are exactly correct is not important.

tract. between Charles Mason Remey and said hospitals.

■ The question for decision has been argued with much learning and with great ability by counsel for the parties. It seems to us, however, to be a question which should be answered easily and which must be answered: The amount to be deducted for testamentary charitable gifts must be computed on the basis of what the charities actually receive, not on the basis of what is provided in the will of the decedent.

The pertinent statutes provide that for the purpose of determining the tax due the value of the net estate shall be determined, in the case of a resident of the United States, by deducting from the value of the gross estate, Sec. 303, Revenue Act 1926, 44 Stat. 9, Subsection A(3), "The amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual * * * but only if such contributions or gifts are to be used by such trustee or trustees * * * exclusively for religious, charitable, scientific, literary, or educational purposes * *." 26 U.S.C.A. Int.Rev.Acts, page 234.

But it is inconceivable that Congress in the enactment of the quoted statute intended to permit as deductions mere paper provisions for bequests, legacies, devises or transfers. It was intended to encourage actual gifts for charitable purposes and objects, not those that were merely contemplated but never effected. Any other interpretation of the statute would permit it easily to be used as an instrument for defrauding the United States. A situation that well might have developed in this very case will illustrate how the interpretation contended for by counsel for plaintiffs would result in an evasion of a clearly intended tax liability. Suppose that, as a matter of fact, Mrs. Remey was at the time of her death a citizen and resident of the District of Columbia and that Mr. Remey had elected to reject the will (as he did), then, except for the compromise agreement, not one cent would have gone to the hospitals named in Mrs. Remey's will. An interpretation of the statute that would have resulted in a deduction on account of an amount intended by the decedent for charities when not one cent did go to charities certainly should be avoided unless absolutely compelled by the language of the statute.

■ The interpretation urged by plaintiffs' counsel is admitted by him (he has been most frank about that) to be supported by no pertinent decision of any court. We are not satisfied that any of the decisions cited by defendant's counsel is exactly pertinent. It seems to us, however, that we need not go beyond the words of the statute to arrive at its meaning. The statute refers to "bequests," "legacies," "devises." A bequest is "a gift by will of personal property." A legacy is "a gift of personal property by a last will and testament." A devise is "a gift of real property by a last will and testament." (We have taken these definitions from the brief of counsel for plaintiffs who, in turn, took them from Bouvier's Dictionary, Rawle's Third Revision). But a provision in a will for a "bequest" is not a bequest. The bequest is the gift, that is, the fruit of the provision in the will. So also as to a provision for a legacy and as to a provision for a devise.

Counsel for plaintiffs says in his brief: "The * * statute expressly provides that there shall be deducted from the gross estate, the amount of any gift of real and personal property made by a last will and testament. It will be observed that the statute does not say that there shall be deducted the amount received as a result of a gift of real and personal property made by a will and testament, but it does in express terms provide that the amount of the gift shall be deducted. But it seems to us that a bequest is the amount received under a provision in a will for a bequest. It seems to us that a gift of personal property has no existence until the offer and intent to give have been effectuated. At least the interpretation of the statute which we adopt, if it be not the only possible interpretation, certainly is the more consonant with what must have been the intention and purpose of the Congress.

Judgment will be for defendant. A form of judgment entry may be submitted for approval and filing.