**ESTATE OF Edward H. LUEHRMANN, Deceased, et al., Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 16442.**

United States Court of Appeals
Eighth Circuit.

Feb. 8, 1961.

Robert H. Batts, St. Louis, Mo., for petitioner. Chas. D. Long, Milton Yawitz, Rassieur, Long & Yawitz, St. Louis, Mo., were with him on the brief.

Morton K. Rothschild, Atty., Dept. of Justice, Washington, D. C., for respondent. Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., were with him on the brief.

Before WOODROUGH, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The executors of the estate of Edward H. Luehrmann (taxpayers) filed a timely petition for review of the decision of the Tax Court determining a deficiency in estate tax. The facts, which are entirely stipulated, appear in the opinion of the Tax Court reported at 33 T.C. 277.

Mr. Luehrmann, a resident of St. Louis, Missouri, died testate on March 10, 1952. By his will, which has been admitted to probate, the testator devised and bequeathed his residuary estate in trust, the trustees to pay to two em-

ployees specified modest monthly payments for life, the remaining income after deducting trust expenses to be paid a sister-in-law, Jane Hord, for life, and at her death the trust income to be paid in perpetuity to Washington University, a recognized charity within the meaning of § 812(d) Int.Rev.Code of 1939, 26 U.S. C.A. § 812(d), for specified charitable purposes.[1]

The primary issue upon this appeal is whether costs of administration paid in the years 1952 to 1955, aggregating $121,000, which the executors elected to claim as a deduction from estate income tax in its income tax returns pursuant to § 162(e), Int.Rev.Code of 1939, 26 U.S. C.A. § 162(e), should be deducted from the gross estate before determining the present value of the charitable bequest. Taxpayers, in their brief, thus state their position: "Electing to deduct expenses of administration against income rather than against the estate enhances the value of the residuum of the estate and hence enhances the value of the charitable bequest which is a part thereof."

The Commissioner took the position that the amount of the charitable deduction is limited to the present value of the property which the charity actually receives for charitable uses, and that the taxpayer's election to claim administration expenses as an income tax deduction constitutes no presumption or proof that such administration expenses were actually paid out of income, or that the residuary estate was not in fact diminished by the amount of the administration expenses.

The Tax Court upheld the Commissioner's contention that the administration expenses should be deducted from the gross estate before determining the residue available for charitable purposes.

The parties have stipulated as to the tax due in the event the administration expenses should be deducted from the

1. Part of the will is set out in the Tax Court's opinion. The Government, in its brief, states that a portion of the will not set out in the record provided for a remainder over, under certain circumstances, to another recognized charity. The Government does not dispute the fact that the residuary estate passes to qualified charities.

gross estate. The deficiency determination was based upon such agreed computation. Thus, the sole issue is whether the Tax Court committed error in determining that the administration expenses should be deducted from the gross estate in determining the present value of the residuary estate passing to charity.

Taxpayers elected to claim the $121,000 here involved as deductions from income for estate income tax due in the years in which such expenses were paid, as permitted by § 162, Int.Rev.Code of 1939.[2]

As required by said statute, taxpayers filed in 1953 a statement that the administration expenses claimed as deductions in the income tax returns had not been claimed or allowed as an estate tax deduction authorized by § 812(b) and a waiver of the right to have such items allowed as a deduction in computing the estate tax. No deduction from estate tax by reason of such administration expenses has been claimed or allowed.

Taxpayers urge that the election afforded by § 162(e) is not dependent upon the source of funds used for payment and that the statute affords the taxpayers, upon compliance with the conditions of the statute, a free choice to claim administration expenses either as a deduction from estate income tax or estate tax. To this extent, we agree with the taxpayers. Likewise, it is clear that the taxpayers, having elected to deduct the administration expenses from income, cannot claim the same items as a deduction for estate tax purposes.

From these premises, the taxpayers argue that their election to claim the administration expenses as estate income tax deductions forecloses any factual inquiry as to the true source of payment upon consideration of the allowable char-

itable deduction afforded by § 812(d). We adopt the Tax Court's response to such contention, which reads:

"[P]etitioners' reliance on section 162(e), I.R.C.1939, seems to us misplaced. That provision was intended to deal solely with the amount of administration expenses deducted from the gross estate in order to compute the net estate upon which estate tax would be paid. It is clear that the option and waiver provisions were inserted to prevent a double deduction on both income and estate tax returns. H.Rept. No. 2333, 77th Cong., 2d Sess. (1942), pp. 75–76; S.Rept. No. 1631, 77th Cong., 2d Sess. (1942), p. 136. This is not our present problem."

Moreover, § 162(e) was added to the portion of the section of the Internal Revenue Code dealing with income taxes. While not conclusive, such fact is entitled to some consideration in determining Congress' intention as to whether the statute was to have any effect upon an estate tax statute such as § 812(d), which determines the extent of the charitable deduction for estate tax purposes. See and compare Achilli v. United States, 353 U.S. 373, 77 S.Ct. 995, 1 L.Ed.2d 918; Dillon v. United States, 8 Cir., 218 F.2d 97.

The election afforded by § 162(e) is in no way dependent upon the source of funds used to make the payment. Hence, the election can have no possible bearing upon the factual determination of the amount of the residue which the charity will actually receive. The amount of the residue depends upon factual considerations, not upon fiction. Obviously, if the administration expenses are in fact paid out of the corpus of the estate, the resi-

2. Section 162 provides in part: "The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual except that—(e) Amounts allowable under section 812(b) as a deduction in computing the net estate of a decedent shall not be allowed as a deduction under section 23, except subsection (w), in com-

puting the net income of the estate unless there is filed, within the time and in the manner and form prescribed by the Commissioner, a statement that the items have not been claimed or allowed as deductions under section 812(b) and a waiver of the right to have such items allowed at any time as deductions under section 812(b)."

due of the estate will be diminished by such payment. The purpose of § 162(e) as disclosed by its terms and legislative history, as demonstrated by the Tax Court in its opinion, was to prevent taxpayers claiming the same items of administration expenses as deductions for both estate income tax and estate tax purposes. Taxpayers received credit for the administration expenses for estate income tax purposes only because they complied with the terms of the statute and expressly waived the right to have such items "allowed at any time as deductions under section 812(b)."

Section 162(e) appears to be clear and unambiguous. There is nothing in said statute which manifests any legislative intent that the election afforded by said statute will have any bearing upon the computation of the amount of the charitable deduction authorized by § 812(d). Likewise, there is nothing in the legislative history of the statute to indicate any such intention.

■ The net estate subject to taxation is determined by deducting from the valuation of assets required to be included in the gross estate by § 811 the exemptions and exclusions allowed by § 812. Provision for the charitable deduction is found in § 812(d), which authorizes as a deduction from the gross estate "the amount of all bequests, legacies, devises or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes."

The Tax Court held that under the statute just quoted, "the amount deducti-

ble from the gross estate for the valuation of a charitable bequest may not be greater than the value of what the charitable corporation is actually entitled to and does, in fact, receive. Harrison v. Northern Trust Co., 317 U.S. 476 [63 S.Ct. 361, 87 L.Ed. 407]."

We believe that the Tax Court correctly construed the statute. There are apparently no decided cases determining the precise issue here presented. Harrison v. Northern Trust Co., 317 U.S. 476, 63 S.Ct. 361, 87 L.Ed. 407, while factually distinguishable, supports the Tax Court's conclusion. That case involved the deductibility of estate taxes in computing the amount of the charitable exemption. There the residuary estate before payment of estate taxes amounted to $463,000. The residue passed to a recognized charity. The executors contended they were entitled to claim this entire amount as a charitable deduction. The federal estate taxes amounted to $459,000. The Supreme Court determined that under the prevailing Illinois law, inheritance taxes were payable out of the residuary estate. Based upon such finding, the court determined that only the balance remaining in the residue after payment of inheritance taxes could be claimed as a charitable deduction, the court stating:

"[W]hile the estate tax may be a charge against the entire estate under Illinois law, admittedly its payment will operate to reduce the amount of the residuary estate. This legislative history is conclusive in favor of the Government's contention that respondents are entitled to deduct only the amount of the residuary estate actually passing to the charitable beneficiaries after provision is made for the payment of the federal estate tax." 317 U.S. at page 480, 63 S.Ct. at page 363.

The Supreme Court in Edwards v. Slocum, 264 U.S. 61, 44 S.Ct. 293, 68 L.Ed. 564,[3] had held that the charitable deduc-

---

3. We agree with the statement in the Government's brief, reading: "The Tax Court was mistaken in indicating in its opinion herein that the Supreme Court held in Edwards v. Slocum, supra, that charitable residuary bequests are deductible in the amount of their gross value without reduction for administra-

tion was not to be reduced by the amount of federal inheritance taxes paid. Thereafter, as pointed out in Northern Trust, Congress amended what now appears as § 812(d) by adding:

"If the tax imposed by section 810, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes."

The court looked to the legislative history of the amendment and decided it was intended as a legislative reversal of Edwards v. Slocum.

It is true, as taxpayers urge, that the statutory amendment considered in Northern Trust dealt only with the deduction of estate taxes. Since the deduction involved in this case pertains to administration expenses rather than to estate taxes, our factual situation does not fall within the coverage of the amendment.

Edwards v. Slocum was decided for the taxpayers upon the theory that the federal estate tax is not a tax on the residue but is a tax upon a transfer of decedent's net estate,—"not the interest to which some person succeeds on a death but the interest which ceased by reason of the death." Prior to the time of the amendment to § 812(d), there was no statutory basis for deducting inheritance tax from the gross estate in determining the fund

passing to charity or for the authorization of such deduction for any other purpose.

On the contrary, § 812(b) has for many years authorized the deduction of administration expenses from the gross estate for purposes of computing the net estate.[4] Moreover, under the plain language of § 812(b), administration expenses actually paid by the executors are deductible from the gross estate regardless of the nature of the estate funds out of which they are paid. Hence, no further legislation was required to make expenses of administration a deduction from the gross estate. In our present case, the only reason why the taxpayers could not claim the administration expenses as an estate tax deduction was because they had expressly waived the right to claim such deduction under § 162(e) in order to claim the administration expenses as a deduction for estate income tax purposes.

While Northern Trust dealt specifically with the deduction of inheritance tax in determining the value of the charitable bequest, we believe that it does clearly indicate a view on the part of the court that the charitable deduction allowed by § 812(d) shall not exceed the amount of the residue passing to the charitable beneficiaries.

A number of courts have taken the position that in instances where a charity comprises or settles an adverse claim to the charitable devise or bequest, only the amount actually received by the charity is available as a charitable deduction. In Heim v. Nee, D.C.W.D.Mo., 40 F.Supp. 594, at page 595, Judge Otis states:

"The amount to be deducted for testamentary charitable gifts must be computed on the basis of what the

---

tive expenses, because the record in that case shows that the executors in fact deducted the administration expenses in computing the residue. See the opinion of the Second Circuit in Edwards v. Slocum, 287 Fed. 651, 652."

4. Section 812 provides, in part:
"For the purpose of the tax the value of the net estate shall be determined,

* * * by deducting from the value of the gross estate— * * *
(b) * * * Such amounts— * * *
(2) for administration expenses, * * * as are allowed by the laws of the jurisdiction, * * * under which the estate is being administered."

charities actually receive, not on the basis of what is provided in the will of the decedent."

Judge Otis' conclusion above stated and the reasoning upon which it is based is quoted and approved in In re Sage's Estate, 3 Cir., 122 F.2d 480, at page 484, 137 A.L.R. 658, which in turn is cited and followed in Thompson's Estate v. Commissioner, 2 Cir., 123 F.2d 816, 818, and Irving Trust Co. v. United States, 2 Cir., 221 F.2d 303, 306, where the court states:

"On the law the case is governed by our decision in Thompson's Estate v. Commissioner, 2 Cir., 1941, 123 F.2d 816, which cites with approval In re Sage's Estate (Sage v. Commissioner), 1941, 122 F.2d 480, 484, where the Third Circuit cut down to the quick of the problem presented by these will contest settlement cases by holding that the amount received by the charity, to be devoted to charitable uses, must 'measure the quantum of the deduction allowable.'"

The rule of the cases just cited is in accord with Reg. 105–81–44.

While the cases last discussed are not squarely in point on the issue we are considering, they support the view that the charitable deduction is limited to the amount that the charity receives for charitable uses.

■■ Tax exemptions and deductions do not turn upon general equitable considerations but depend upon legislative grace. Statutes authorizing tax exemptions and deductions are to be strictly and narrowly construed. Deputy v. du Pont, 305 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416; United States v. Stewart, 311 U.S. 60, 71, 61 S.Ct. 102, 85 L.Ed. 40; Zimmermann v. Commissioner, 8 Cir., 241 F.2d 338, 344.

Bearing in mind the text of the statute, the purpose of the charitable exemption to encourage gifts to charitable institutions to the extent that they are used for charitable purposes and the teaching of the cases we have cited and discussed,

we are convinced that Congress by the words it used manifested an intention to limit the amount of the charitable exemption granted by § 812(d) to the value of the property actually received by the charity for charitable uses.

■ The burden rests upon a taxpayer to show his right to a claimed deduction or exemption. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593, 63 S.Ct. 1279, 87 L.Ed. 1607; United States v. Stewart, supra.

■ Decisions of the Tax Court are to be reviewed by the same standards as are applied to decisions of the district court in civil cases tried without a jury. Findings of fact by the Tax Court shall not be set aside unless they are clearly erroneous. Greenspon v. Commissioner, 8 Cir., 229 F.2d 947, 949; Omaha Nat. Bank v. Commissioner, 8 Cir., 183 F.2d 899, 902, 25 A.L.R.2d 628; Doll v. Commissioner, 8 Cir., 149 F.2d 239, 247.

Taxpayers contend that the deductibility of administration expenses in the computation of the charitable deduction is dependent upon federal law. The Government and the Tax Court place some reliance upon Missouri law, claiming that under the law of that state administration expenses are to be paid out of corpus, not income. See Estey v. Commerce Trust Co., 333 Mo. 977, 64 S.W.2d 608, 616, where the Supreme Court of Missouri, among other things, states:

"Such executor's fee is properly allowed and deducted from the funds of the estate the same as amounts due creditors whose demands have been established, and such deductions are made before the 'rest, residue and remainder of my estate' passes to the trustee to be administered by it."

The will contains no express provision designating where the burden of administration expenses shall fall. The Tax Court expressed the view that local law would govern in determining where the burden for payment of administration expenses should ultimately fall and that

under Missouri law the testator would be presumed to have intended the administration expenses to be paid out of the corpus and that as a result only the net residue of the estate passed to charity.

■ We believe that our problem here is primarily one involving the construction of federal statutes, particularly § 812(b) and (d), and that federal law should control in the construction of a federal statute. See Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199; Doll v. Commissioner, supra.

In any event, we do not believe the issue of whether state law or federal law governs is decisive. It would appear that under both Missouri law and federal law provision is made for the deduction of administration expenses from the gross estate. Section 812(b) clearly provides for the deduction of administration expenses from the gross estate.

The Tax Court in its opinion states:

"And the purpose of this legislation was declared to be 'to limit the deduction for charitable bequests, etc., to the amount which the decedent has *in fact and in law* devised or bequeathed to charity.' H.Rept. No. 708, 72d Cong., 1st Sess., pp. 49–50. (Emphasis added.)

\* \* \* \* \* \* \*

"[A]s to the 'fact', there is no evidence whether the administration expenses in question were paid out of current income or out of the estate corpus. If they were in fact paid out of corpus, then the corpus was reduced by that amount, the bequest to charity would be similarly diminished, and the charitable deduction would have to be adjusted accordingly. Since there is no proof and since the burden is on petitioners, it would appear that this alone would be sufficient to defeat the claim."

■ We agree with the Tax Court's statement that there is no evidence to support a finding that the administration expenses were in fact paid out of income. The record is completely silent as to the source of the funds used to pay the administration expenses. Upon this record, we are not compelled to conclude that such expenses were in fact paid out of income and that the corpus was not diminished by reason of the administration expenses incurred and paid.

The only thing that the taxpayers have shown in support of their contention that the administration expenses were paid out of income is the fact that they elected pursuant to § 162(e) to claim the administration expenses as a deduction for federal income tax purposes. Such election is not dependent upon any factual determination as to the source of funds used to make the payment. A taxpayer is entitled to make the election regardless of whether income or corpus was used to make the payment. We are satisfied that under such circumstances the exercise of the election affords no proof that the administration expenses were not actually paid out of the corpus of the estate. We have heretofore determined that § 812(d) contemplates that the amount passing to charity for the purpose of the charitable exemption depends upon reality, not upon fiction. If the administration expenses were in fact paid out of corpus, such payment would reduce the amount of residue available for the charity.

Upon the record before us, we cannot find that the Tax Court committed error in determining that the taxpayers had not met the burden of proof imposed upon them to establish that the residuary estate passing to charity was not diminished by the administration expenses paid. Such determination is dispositive of this appeal and makes consideration of other contentions advanced by the Government unnecessary.

The decision of the Tax Court is affirmed.