**Walter KUNZ and Evelyn Kunz, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15483.

United States Court of Appeals
Sixth Circuit.

June 19, 1964.

Donald E. Calhoun, Cincinnati, Ohio, for petitioners.

Edward Greensfelder, Dept. of Justice, Washington, D. C., for respondent, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Donald W. Williamson, Jr., Attys., Dept. of Justice, Washington, D. C., on the brief.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Petitioning taxpayer, Walter Kunz, and his wife, Evelyn Kunz, seek review of the decision of the Tax Court, disallowing deductions for depreciation on their joint income tax return, and from an assessment of a deficiency. Mr. Kunz was engaged in the ready-mix concrete business in Cincinnati, Ohio, on September 1, 1955, and, at that time, purchased all of the tangible assets of a corporation which had been engaged in a like enterprise in Kentucky. This latter corporation's principal stockholder, Mr. R. Wil-

lard Rawlings, had died, and his widow, as administratrix of his estate, became the owner of his shares. Mrs. Rawlings also owned the real estate upon which the corporation had carried on its business. Petitioning taxpayer, Walter Kunz, and Mrs. Rawlings, entered into a transaction whereby Mr. Kunz acquired the corporation's tangible assets, as well as the real estate which was owned by Mrs. Rawlings, individually. The total price was $60,000 for the real and personal property. In assigning values to the various items purchased, Mr. Kunz, the petitioning taxpayer, separately valued various trucks, concrete mixers, and other equipment at a total amount of $32,-900. The price for the real estate was set at $13,000.

After taking possession of the property, petitioning taxpayer, Walter Kunz, used some of the equipment in operating his business. However, in December 1955, a little more than three months after his purchase of the equipment, Mr. Kunz sold most of the property—which had been valued at $32,900—for $1,495. After taking a deduction for depreciation, the taxpayer claimed a loss of $25,-899.44 on the sale of the above assets; and he set forth such loss in his income tax return.

■ The Commissioner held that the value placed on the above-mentioned equipment as its cost, did not, in reality, represent such cost, and was not a proper basis for ascertaining the loss. There was substantial evidence that the equipment purchased and valued at $32,900 was, primarily, junk, at the time of its purchase. The real estate, which was valued at $13,000, actually turned out to be worth more than this amount, and the value placed on the real estate by petitioners was not questioned by the Commissioner. The Commissioner reduced the claimed loss of the petitioning taxpayer from $25,899.44 to $2,700, and assessed a deficiency accordingly. On petition for review of a decision of the Tax Court of the United States, that interpretation of the evidence most strongly favoring the respondent's position must be adopted. Union Stock Farms v. Commissioner, 265 F.2d 712 (C.A.9); and the decision of the Tax Court is reviewed by the same standards as are applied to the decisions of the district court in civil cases tried without a jury; and, accordingly, the Tax Court's findings may not be set aside unless clearly erroneous. Luehrmann's Estate v. Commissioner, 287 F. 2d 10 (C.A.8).

■ We are of the opinion that the findings of the Tax Court are not clearly erroneous. In fact, they are sustained by substantial evidence; and, in accordance with the foregoing, the decision is affirmed upon the opinion of the Tax Court in T.C. Memo 1962–276.