COOPERATIVE GRAIN AND SUPPLY CO., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooperative Grain & Supply Co. v. Commissioner
Docket No. 6132-64.
United States Tax Court
T.C. Memo 1973-164; 1973 Tax Ct. Memo LEXIS 126; 32 T.C.M. (CCH) 795; T.C.M. (RIA) 73164; July 24, 1973, Filed Robert C. Guenzel, for the petitioner. Ivan L. Onnen, for the respondent. FAY
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case is before the Court on an order of remand by the Court of Appeals for the Eighth Circuit pursuant to its opinion in Co-Operative Grain & Supply Co. v. Commissioner, 407 F.2d 1158 (C.A. 8, 1969). In that opinion, the Court of Appeals modified our decision (T.C. Memo. 1967-132). The court affirmed our legal conclusion that for the petitioner to qualify for tax-exempt status under section 521(b) [1] substantially all of 2 the petitioner's shareholder-producers are required to market their products and purchase their supplies through the petitioner on a current *127 basis. However, the appellate court went on to order that the petitioner be granted a further hearing in order to present additional evidence on the question of whether its "substantially all" requirement had been met. Pursuant to that mandate, an additional stipulation of facts, exhibits, and depositions upon oral examination of five witnesses produced on behalf of the petitioner were introduced to supplement the record of this case. Pursuant to the orders of the Court of Appeals, we find the following supplementary facts and hold according to these facts for respondent. FINDINGS OF FACT We find that during the years 1958, 1959, 1960, and 1961 the following percentages of petitioner's shareholders currently transacted some business with the petitioner: Year
Percentage of Participating Shareholders (To the nearest whole percent) 1958
78
1959
71
1960
71
1961
65
These figures were arrived at by taking into account the following factors: 3 (1) The effect of the death of certain shareholder-producers on that shareholder-producer's ability to transact business with the *128 petitioner; (2) The effect of incorrect recording of shareholder-producer participation due to mistaken identities of certain shareholder-producers; and (3) The effect of the cooperative's failure to credit as current participants all shareholders who farmed on share tenancies or in partnership or as husband and wife. ULTIMATE FINDING OF FACT In none of the years in question did substantially all of the petitioner's shareholder-producers currently transact some business with the petitioner. OPINION During the years at issue, farmers' cooperatives which met the requirements of section 521 [2] were permitted sweeping deductions which were not shared by cooperatives that did not 4 meet said requirements. In T.C. Memo. 1967-132, we determined that one of the requirements of section 521 was that the petitioner prove that substantially all of the cooperative's 5 shareholders currently transacted business with the cooperative. We determined that the petitioner had failed to meet this vital requirement of the statute in that it failed to show that a substantial number of its shareholders currently transacted some business with the petitioner. *129 "Petitioner, however, went no further than to argue that substantially all of its shareholders were producers. It made no attempt to argue that its shareholder-producers were active patrons of the association during the years in issue. Nor did petitioner offer any evidence with the purpose of proving this point. Consequently, although we find that substantially all, if not all, of petitioner's shareholders were producers during the years in issue, we cannot find that substantially all of petitioner's shareholders were active producers, that is - producers who marketed their products or purchased their supplies and equipment through the association." [Co-Operative Grain & Supply Co. v. Commissioner, supra at 1159] The Court of Appeals for the Eighth Circuit upheld our conclusion that qualification for section 521 benefits required a showing that substantially all of the cooperative's shareholders transacted some business with the cooperative on a current basis. "[Substantially] all of the shareholder-producers are required to market their products and purchase their supplies through the taxpayer on a current basis. That is our holding." Co-Operative Grain & Supply Co., supra at 1164. *130 The Court of Appeals, however, remanded our initial opinion so that the petitioner could introduce additional evidence on the question of whether the petitioner had met this "substantially all" requirement. Pursuant to this remand, the parties filed a stipulation of facts which revealed that for the years 6 in question the following percentages reflected the petitioner's shareholders' current participation in the cooperative. [3] Year
Percentage 1958
61.9
1959
56.3
1960
56.7
1961
51.6
In addition to the stipulation of facts, the petitioner proceeded to submit a series of oral depositions. The purpose of this testimony was to show that for a number of reasons the percentage of participants as found in the stipulation did not adequately reflect whether substantially all of the petitioner's shareholders participated as required. The petitioner with this additional testimony in essence urged us to reject many of the stipulated *131 facts and formulate a new more realistic equation as to the percentage of petitioner's shareholders who currently transacted some business with the petitioner. The testimony in almost all of the depositions leaves much to be desired. However, for purposes of this case only, we have determined to accept almost all of the evidence in petitioner's witnesses' depositions as true and relevant and we have formulated a new equation to determine whether the "substantially all" requirement has been met. Even after 7 ruling for petitioner on many questionable evidentiary points, we hold that the requirements of section 521 have not been met. Section 521 does not define the term "substantially all" and in addition there is not a plethora of case law which supplies a sufficient definition or guideline. Inferentially, it has been established that a 91 percent current participation rate is sufficient, see Farmers Co-Operative Creamery, 21 B.T.A. 265 (1930), and specifically this Court has held that 72 percent is not sufficient. See Petaluma Co-Operative Creamery, 52 T.C. 457 (1969). Our holding in the Petaluma case is determinative of petitioner's nonqualification *132 for exempt status in the years 1959 (71 percent), 1960 (71 percent), and 1961 (65 percent). Furthermore, without deciding exactly what percentage is sufficient for purposes of section 521, we think that under the facts and circumstances of this particular case wherein we have resolved even the most questionable items in petitioner's favor, the petitioner's shareholders' degree of participation for 1958 (78 percent) is also insufficient. [4]
In reaching our conclusions as to the new equations of percentages of yearly current participation, we have considered the following theories proposed by the petitioner: (1) Petitioner contends that many of the stockholders of the corporation who did not appear as active patrons in 8 the years in question were deceased. Since as to these parties there was an impossibility of participation, petitioner asks us to eliminate such stockholders in determining the percentage of current participation. We believe petitioner's argument is well taken and for the most part we have accepted this approach. However, when the deceased shareholder has had no record of significant participation *133 in the years prior to his year of death and such decedent died in the latter part of the year in question, we have not eliminated the year decedent died for purposes of our calculation. (2) Petitioner contends that shareholders who have moved from the area of the cooperative must be eliminated from the equation. It claims that only those shareholder-producers who could readily transact business with the cooperative should be looked to in determining what percentage of shareholder-producers did transact some business with the cooperative. We think petitioner's position is untenable. On brief, it admits that the cooperative was powerless to act and redeem a shareholder's interest simply because he moved away. The Internal Revenue Code makes no distinction between shareholders with ready access to a cooperative's facilities and those not so accessible. The absent shareholders at all times had the power to command their rights and this remains the determining factor of ability to participate. There was no impossibility of participation as in the case of deceased shareholders. 9 The Court of Appeals which remanded the case at bar recognized that the requirements of section *134 521 were to be strictly interpreted. To adopt petitioner's position in the present case would be to subvert the appellate court's interpretation. (3) Petitioner in its third contention attempts to revitalize arguments which have already been rejected by this Court and the Court of Appeals. Petitioner contends that as long as there has been something resembling a continuing business relationship between the shareholders and the cooperative the shareholders should qualify as current patrons. Relying on this argument, petitioner would have us ignore a year in which a shareholder failed to transact business with the cooperative if that shareholder had transacted business in prior and subsequent years. We think that the mandate of the Court of Appeals is quite specific in this area and petitioner's contention is not well taken. That court studied the policy behind the exemption granted under section 521 and found that the policy essentially was to provide a benefit to the active shareholder-producers and such could not be accomplished unless the producers made use of the available cooperative facilities. It logically follows that the primary purpose of the cooperatives - to *135 give farmers a better bargaining position in the marketplace - cannot be accomplished unless the farmers patronize the association. [Co-Operative Grain & Supply Co. v. Commissioner, 407 F.2d at 1163] 10 In essence, the Court of Appeals held that current participation means actual yearly participation. A mere continuing business relationship without the actual yearly participation is not a sufficient basis upon which to find current shareholder participation of business with the cooperative. (4) Petitioner next states that certain shareholders were mistakenly recorded on its books twice and when there were incorrect duplicate names the correct name was credited as a current patron while the incorrect name received no credit. Petitioner asks us to eliminate from the equation the mistaken duplicated names which were never credited as current participants. We accept petitioner's position on this item. (5) Petitioner states that many of the shareholder-producers farmed their land either as joint tenants, husband and wife, or on a landlord-tenant sharecropper basis. Since only one party often brought the entire farm crop to the cooperative, that one party *136 was credited as having transacted business with the cooperative while the other interested parties were recorded as having transacted no business with the cooperative. Petitioner asks us to credit as active participants all the parties which were jointly interested in the represented farms. Petitioner contends that the one party who was credited as an actual current participant was in effect an agent for all interested persons. We think this contention is acceptable. Petitioner's argument is similar to that found in Farmers 11 Co-Operative Creamery, 21 B.T.A. at 268, where this Court, over respondent's objections, allowed farm owners who operated their farms through tenants on crop-sharing bases to be considered as producers in determining whether the "substantially all" requirement had been met. The nature of this case requires a more detailed look at the treatment given the individual shareholder-producers. Having outlined the guidelines we have followed in eliminating certain shareholders from the current participation equation, we will now consider in detail the effect of the guidelines on the individual shareholders. The first category to examine *137 is that of deceased shareholders. We have eliminated completely from the equation the following parties: Shareholder
Date of Death H. O. Eckhardt
1952
August Heuertz
1954
Frank Talksdorf
1957
Joe Trausch
1957
Julius Winters
1950
William Mangers
1949
William Reis
1954
Herbert Syring
1957
Margaret Hoffman
1957
August Priebe
1951
John Goedert
1943
Pete Trausch
1952
Frank Zubrod
1954
Vincent Willmes
1954
Abe Schiffler
1957
Charles Streff
early 1950s
Joe Frazier
1953
Lester Trausch
1955 12 The following deceased shareholders' effect on the equation is dependent on their date of death: Shareholder
Date of Death
Years Counted in Determining Participation Lucy Trausch
Sept. 1958
1958
Matt Trausch
Sept. 1958
1958
Jim Trumbo
Sept. 1959
1958 & 1959
Fred Syring
Nov. 1960
1958, 1959, & 1960
The following deceased shareholders have not affected the equation either because they passed away after the years at issue, or there is insufficient identification and evidence as to their date of death: W. A. Cole (Date of death 10/25/61) John Eishen (Date of death Sept. 1961) Bill Larson [1]
Aloyce Heuertz *138 [2]
Robert Schlicktman A. W. Johnson Ernest Jones The following parties have been eliminated from the equation because they are mistaken duplicate names found in the stipulation which have been fully explained by petitioner's depositions: 13 Name Eliminated
Corresponding correct name remaining in Equation Ralph Bozling
Ralph Burling
L. W. Brown
Leonard Brown
Joe Schmit
Joe Schmitbauer
Lester Heuertz
S. L. Heuertz
L. A. Weber [1]
Leo Weber
The following parties have all been given credit as current participants because they farmed property and held some degree of common interest with current participants who acted as their agents when transacting business with the petitioner. Maggie, Richard, and William *139 Erhman L. D. Essinger and J. B. Fernow John and Mary Klein Ray and Bessie Overturf Albert, Mary, and Curtis Zubrod Lena Smukal and Gilbert Trausch R. O. Canaday and Kenneth Krueger C. L. and Clarence Hanson Henry and Henry Manske, Jr. Ben, Hugh, Jerome Theisen and Theisen's Estate J. E. Willits, Maurice Krichau, and Leander Koos Florence, Ivan, and Orville (O. W.) Joynt Roger and Jennie Palmblade Ed and Garnet Gulkey Peter Ernsdorf and Robert Koskill Aleck and George Parr Norbert, Joe, and Mary Parr Peter and Bertha Parr The following parties; joint interests were considered but had no effect on the equation. For the most part, this is a result of the fact that their separate extent of participation with the cooperative was identical for the years at issue: 14 Frank, Caroline, Curtis Zubrod and Kenneth Heuertz Walter Herman and Alfred Kleir Fred and Orville Augustine Margaret Schimmer and Robert Loskill The following parties were considered and their effect on the equation will be explained in detail: John and Edward Koch had no effect on the equation. The testimony does not reveal that they ever jointly farmed property. Blankenbiller *140 Brothers, George, and Lavern Blankenbiller. [5] The only effect was to change George's participation for 1958. The evidence does not establish that Milton Blankenbiller's participation should be credited to anyone other than himself. Harold Caton was credited with participation for all of the years in question. However, there is insufficient evidence upon which to credit Mary and Edna Caton as current participants. There is insufficient evidence to credit Andrew Jensen, Klein, and Ivan Joynt with each other's participation. There is insufficient evidence to attribute Leona Heuertz's participation to A. M. Heuertz. The record talks of Aloyce Heuertz and no reference is made to A. M. Heuertz. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954. ↩
2. SEC. 521. EXEMPTION OF FARMERS" COOPERATIVES FROM TAX. (a) Exemption from Tax. - A farmers' cooperative organization described in subsection (b) (1) shall be exempt from taxation under this subtitle except as otherwise provided in section 522. Notwithstanding section 522, such an organization shall be considered an organization exempt from income taxes for purposes of any law which refers to organizations exempt from income taxes. (b) Applicable Rules. - (1) Exempt Farmers' Cooperatives. - The farmers' cooperatives exempt from taxation to the extent provided in subsection (a) are farmers", fruit growers", or like associations organized and operated on a cooperative basis (A) for the purpose of marketing the products of members or other producers and turning back to them the proceeds of sales, less the necessary marketing expenses, on the basis of either the quantity or the value of the products furnished by them, or (B) for the purpose of purchasing supplies and equipment for the use of members or other persons, and turning over such supplies and equipment to them at actual cost, plus necessary expenses. (2) Organizations having capital stock. - Exemption shall not be denied any such association because it has capital stock, if the dividend rate of such stock is fixed at not to exceed the legal rate of interest in the State of incorporation or 8 percent per annum, whichever is greater, on the value of the consideration for which the stock was issued, and if substantially all such stock (other than nonvoting preferred stock, the owners of which are not entitled or permitted to participate, directly or indirectly, in the profits of the association, upon dissolution or otherwise beyond the fixed dividends) is owned by producers who market their products or purchase their supplies and equipment through the association. (3) Organizations maintaining reserve. - Exemption shall not be denied any such association because there is accumulated and maintained by it a reserve required by State law or a reasonable reserve for any necessary purpose. (4) Transactions with nonmembers. - Exemption shall not be denied any such association which markets the products of nonmembers in an amount the value of which does not exceed the value of the products marketed for members, or which purchases supplies and equipment for nonmembers in an amount the value of which does not exceed the value of the supplies and equipment purchased for members, provided the value of the purchases made for persons who are neither members nor producers does not exceed 15 percent of the value of all its purchases. (5) Business for the United States. - Business done for the United States or any of its agencies shall be disregarded in determining the right to exemption under this section. ↩
3. In arriving at these percentages, the parties have apparently conceded that certain patrons are to be regarded as shareholder-producers even though they were not formally issued certificates of stock in the cooperative. ↩
4. Cf. Rev. Rul. 73-248↩, I.R.B. 1973-23. 1. The stipulated facts refer to W. J. Larson, not Bill Larson, and date of death was late 1960 so that only 1961 would be affected if we accepted that W. J. and Bill Larson were the same parties. ↩
2. Petitioner has not adequately identified Aloyce Heuertz as A. M. Heuertz found in the stipulation of facts. ↩
1. L. A. Weber still enters into the equation for 1958 for there is no duplicate recording for Leo Weber in that year. ↩
5. Lavern Blankenbiller was mentioned in the deposition but not in the stipulation of facts. ↩