**WEST CENTRAL COOPERATIVE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**1C 81 3029.**

United States District Court, N.D. Iowa, C.D.

Dec. 21, 1983.
On Motion to Amend Feb. 21, 1984.

John A. Gerken, Thomas W. Polking, Jefferson, Iowa, for plaintiff.

Evan Hultman, U.S. Atty., Cedar Rapids, Iowa, Daniel Ross, Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## ORDER

McMANUS, Chief Judge.

This action for refund of income taxes and interest was tried to the court on July 18, 1983. All proposed findings of fact and conclusions of law have been received and considered along with the entire record and the court now makes the following:

## FINDINGS OF FACT

1. Plaintiff is a capital stock marketing and purchasing farmers' cooperative organization with its principal place of business in Ralston, Carroll County, Iowa.

2. At all times material plaintiff was a fiscal year taxpayer engaged in the purchase of grain, including corn and beans,

2

from its members and sale to grain buyers. It also purchases farm supplies such as livestock feed, fertilizer, herbicides, pesticides, and seed which it sells to its members. Plaintiff owns and operates grain storage facilities as a federally licensed warehouse under 7 U.S.C. § 241 et seq.

3. Prior to its fiscal year ending January 31, 1974 (FY 74), the Internal Revenue Service (IRS) recognized plaintiff as an exempt farmers' cooperative under 26 U.S.C. § 521(b)(2).

4. During FY 74 plaintiff had outstanding 2,887 [1] shares of voting common stock limited to one share per member.

5. During said fiscal year 2,418 members or 83.75% of the holders of plaintiff's voting stock were producers who marketed some of their products or purchased some of their supplies and equipment through plaintiff.

6. Prior to FY 74, plaintiff had the capability and did in fact review its membership's business activity on an annual basis. However, during FY 74 it failed to review the business activity of its members to determine current patronage.

7. On January 23, 1978, plaintiff's tax exemption under 26 U.S.C. § 521(b)(2) for FY 74 was withdrawn by IRS. In 1978 and early 1979, defendant assessed plaintiff for additional income taxes for FY 74 in the total amount of $57,459.00, including interest and penalty which has been paid. More than six months have passed since plaintiff filed a valid and timely claim for refund.

1. Duplicate accounts for 3 members have been deleted.

2. Here and in connection with Finding of Fact No. 5 supra, since plaintiff claims that the 50% of production or purchases standard required by Rev.Proc. 73–39, 1973–1 C.B. 502 is unreasonable, the court has included in the number of active members any shareholder-producer that did "some" business with plaintiff during FY 74. In addition, the court has included those members doing business through an agent and those members who were precluded from current patronage by sickness, disability or death. This determination is in keeping with

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a).

2. In an action for refund of income taxes, the burden is on the taxpayer to prove that the assessment is wrong and the amount he is entitled to recover. *Lewis v. Reynolds*, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932). It is not enough for the taxpayer to demonstrate that the assessment of tax for which refund is sought is erroneous in some respects. *United States v. Janis*, 428 U.S. 433, 440, 96 S.Ct. 3021, 3025, 49 L.Ed.2d 1046 (1976).

3. Special tax exemptions are to be strictly construed against the taxpayer. *Helvering v. Northwest Steel Rolling Mills, Inc.*, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29 (1940); *Luehrmann's Estate v. Commissioner of Internal Revenue*, 287 F.2d 10 (8th Cir.1961).

4. The provisions of 26 U.S.C. § 521 impose strict requirements on cooperatives which must be satisfied in order for the cooperative to qualify for tax exemption. *Farmers Union Co-op Co. of Guide Rock v. Commissioner of Internal Revenue*, 90 F.2d 488, 493 (8th Cir.1937); *Producers' Creamery Co. v. United States*, 55 F.2d 104, 106 (5th Cir.1932).

5. Plaintiff has failed to prove by a preponderance of the evidence that substantially all its voting stock was owned by producers who marketed their products or purchased their supplies and equipment through the cooperative on a current basis.[2] 26 U.S.C. § 521(b)(2); *Cooperative*

the exceptions to the current patronage requirement recognized by the Eighth Circuit in *Cooperative Grain & Supply Co. v. Commissioner of Internal Revenue*, 407 F.2d 1158, 1164 (8th Cir. 1969) and subsequently applied by the Tax Court in *Cooperative Grain and Supply Co. v. Commissioner*, 32 TCM (CCH) 795 (1973) on remand.

The court has not included those members who sold no grain; stored their grain on farm; stored their grain with plaintiff; or fed all their grain based on the following rationale from the Eighth Circuit:

[3] The pertinent part of the statute under consideration recites in plain and unequivocal

*Grain & Supply Co. v. Commissioner of Internal Revenue,* 407 F.2d 1158, 1164 (8th Cir.1969); *Cooperative Grain & Supply Co. v. Commissioner,* 32 TCM (CCH) 795, 798 (1973).

■ 6. Rev.Rul. 73–248, 1973–2 C.B. 295 requiring that at least 85% or more constitutes "substantially all" of a cooperative's voting stock is reasonable and in keeping with the congressional mandate embodied in the language of § 521(b)(2).[3] *United States v. Correll,* 389 U.S. 299, 307, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967).

7. Defendant's retroactive revocation of plaintiff's exemption was not an abuse of discretion. *Stevens Bros. Foundation, Inc. v. Commissioner of Internal Revenue,* 324 F.2d 633, 641 (8th Cir.1963), citing *Automobile Club of Mich. v. Commissioner,* 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957).

It is therefore

ORDERED

Dismissed.

### ON MOTION TO AMEND

This matter is before the court on plaintiff's unresisted motion to amend, enlarge or supplement the court's findings of fact and conclusions of law. The motion was served on December 30, 1983 and filed January 5, 1984. Denied.

Plaintiff's request for amendment is directed to the court's Finding of Fact No. 5. It seeks enlargement of the finding by having it refer to specific portions of plaintiff's Exhibit 1 and its post-trial brief. It also asks the court to address three specific categories of members that were not included in the court's computation of active members by reference to the pre-trial order and plaintiff's Exhibit 9. Finally, it asks the court to delete the term "some" from the finding.

■ Whether to grant or deny this motion is a matter addressed to the court's discretion. FRCP 52(b). In the court's view, Finding of Fact No. 5 is adequately explained in footnote no. 2 of the court's order. There it is stated what categories of members, as identified by the plaintiff, have been included in the court's calculation of active members. All other categories have by negative implication been excluded. The location of this information in the record is apparent and no purpose is served by the requested amendments.

With respect to plaintiff's request for deletion of language from Finding of Fact No. 5, plaintiff argues that use of the word

language that substantially all of the voting stock must be owned by producers "who market their products or purchase their supplies and equipment through the association." There are no exceptions, and as we read the crucial phrase we are unable to discern any intent on the part of Congress to grant a cooperative exempt status if its stockholding producers market their products or purchase their supplies through the association only at such times as the producers may determine that it is expedient for them to do so. If Congress had not intended to impose a patronage requirement upon the stockholder-producers there would have been no reason to include in the statute the language under scrutiny. Congress in the enactment of a statute is presumed to have used no superfluous words. *Tabor v. Ulloa,* 323 F.2d 823 (9th Cir.1963); *Born v. Allen,* 110 U.S.App.D.C. 217, 291 F.2d 345 (1960).
*Cooperative Grain & Supply Co.,* 407 F.2d at 1162.
Nor has the court included those members who did business with plaintiff in six out of seven years. This argument was previously raised before the Tax Court and rejected on the following basis:
A mere continuing business relationship without the actual yearly participation is not a sufficient basis upon which to find current shareholder participation of business with the cooperative. *Cooperative Grain & Supply Co.,* 32 TCM (CCH) at 798.

3. Rev.Rul. 73–248, the 85% requirement, was promulgated in light of various court opinions interpreting the "substantially all" language of § 521(b)(2). The lowest amount held by a court to constitute substantially all is 91%. *Farmers Cooperative Creamery v. Commissioner,* 21 BTA 265 (1930). The highest percentage held not to constitute substantially all is 78%. *Cooperative Grain & Supply Co. v. Commissioner,* 32 TCM (CCH) 795 (1973). It appears necessary for the Service to establish some guideline and the 85% standard is a reasonable construction of the phrase.

"some" may imply the existence of evidence suggesting that certain active producers marketed a portion of their products or purchased a portion of their supplies and equipment through entities other than plaintiff. The existence of such evidence is hereby expressly denied. Plaintiff did not, however, offer any evidence to negate this possibility, so the court declines the suggested amendment.

It is therefore

ORDERED

Denied.