**WEST CENTRAL COOPERATIVE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 84–1289.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1984.

Decided April 1, 1985.

Rehearing and Rehearing En Banc Denied May 16, 1985.

**1270**

John A. Gerken, Jefferson, Iowa, for appellant.

Kenneth Greene, Tax Div., Justice Dept., Washington, D.C., for appellee.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

West Central Cooperative (taxpayer) appeals from a final judgment entered in the District Court[1] for the Northern District of Iowa denying taxpayer's petition seeking a refund of additional taxes assessed because of the withdrawal of taxpayer's exemption as a farmers' cooperative pursuant to 26 U.S.C. § 521(b)(2) (1982). For reversal taxpayer argues that the district court erred in (1) holding that the percentage of taxpayer's voting stock held by producers did not constitute "substantially all" within the meaning of 26 U.S.C. § 521(b)(2), (2) imposing an annual patronage test in determining whether substantially all voting stock was owned by participating producers, (3) not including as participating members those who merely stored grain in taxpayer's storage facilities, and (4) approving retroactive revocation of taxpayer's exemption. For the reasons discussed below, we affirm.

The basic facts in the present case are not in dispute. Taxpayer is a capital stock marketing and purchasing farmers' cooperative organization with its principal place of business in Ralston, Carroll County, Iowa. Taxpayer purchases grain from its members and sells it to grain buyers on the open market. Taxpayer also purchases farm supplies such as livestock feed, fertilizer, pesticides, and seed to resell to its members. In addition, taxpayer owns and operates grain storage facilities as a federally licensed warehouse.

Taxpayer issued voting common stock limited to one share per member. Shareholders could earn patronage dividends based on the quantity of goods that the shareholder sells through or purchases from the cooperative in a given year. Dividends are not distributed on the basis of the collective success of the cooperative and only participating members who market their products through or purchase supplies from the cooperative in a year are entitled to a dividend. As of January 31, 1974, the last day of taxpayer's fiscal year, taxpayer had 2,887 shares of voting common stock outstanding. According to taxpayer's records, 83.75% of the stockholders were producers who marketed some of their products through or purchased supplies from taxpayer and thus were eligible to receive patronage dividends.

In May 1958 the Internal Revenue Service (IRS) issued a letter recognizing that taxpayer was an exempt farmers' cooperative pursuant to 26 U.S.C. § 521. After an audit of taxpayer's 1974 fiscal year, the IRS determined that substantially all of taxpayer's common stock was not owned by producers who marketed through and purchased from the taxpayer. Therefore, on January 23, 1978, the IRS withdrew taxpayer's tax exemption ruling, effective for its 1974 fiscal year and all subsequent years. Taxpayer was assessed $57,459.00 for additional income taxes, including interest and penalty, all of which taxpayer has paid. Taxpayer's claim for a refund was denied by the Commissioner; thereupon taxpayer instituted this refund suit against the government.

██ In pertinent part 26 U.S.C. § 521(b)(2) provides that an "[e]xemption shall not be denied any such association because it has capital stock ... if substantially all such stock ... is owned by producers who market their products or purchase

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

their supplies and equipment through the association." The district court correctly noted that special tax exemptions are to be strictly construed against the taxpayer. *West Central Cooperative v. United States*, 607 F.Supp. 1, 2 (N.D.Iowa 1983), 3029, slip op. at 3 (N.D.Iowa Dec. 21, 1983), *citing Helvering v. Northwest Steel Rolling Mills, Inc.*, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29 (1940). *Accord Land O'Lakes, Inc. v. United States*, 514 F.2d 134, 139 (8th Cir.) *cert. denied*, 423 U.S. 926, 96 S.Ct. 271, 46 L.Ed.2d 253 (1975).

■ Taxpayer argues that the district court erred in holding that substantially all of taxpayer's stock was not owned by producers who marketed or purchased through the cooperative. Rev.Rul. 73–248, 1973–2 C.B. 295 requires that at least 85% of capital stock must be held by producers before the "substantially all" test of· 26 U.S.C. § 521(b)(2) can be satisfied. The district court held that "Rev.Rul. 73–248, 1973–2 C.B. 295 ... is reasonable and in keeping with the congressional mandate embodied in the language of § 521(b)(2)." *West Central Cooperative v. United States*, slip op. at 5 (footnote omitted). We agree with the district court's conclusion that Rev.Rul. 73–248 reasonably interprets the "substantially all" requirement and therefore, based on the 85% test, taxpayer did not qualify for the exemption.

■ Taxpayer also argues that the district court erred in imposing an annual patronage test in determining whether voting stock of taxpayer was owned by producers.

This court held that "substantially all of the shareholder-producers are required to market their products and purchase their supplies through the taxpayer on a current basis." *Co-Operative Grain & Supply Co. v. Commissioner*, 407 F.2d 1158, 1164 (8th Cir.1969). On remand the Tax Court interpreted this to mean "actual yearly participation." *Cooperative Grain & Supply Co. v. Commissioner*, 32 T.C.M. (CCH) 795, 798 (1973). Accordingly, in the present case the district court held that taxpayer "failed to prove by a preponderance of the evidence that substantially all of its voting stock was owned by producers who marketed their products or purchased their supplies and equipment through the cooperative on a current basis." *West Central Cooperative v. United States*, at 2 (footnote omitted). Because tax exemptions must be narrowly construed, it is reasonable and consistent with the general scheme of the Internal Revenue Code to assess annually the taxpayer's compliance with the terms of the exemption.

■ Taxpayer also argues that the district court erred in not including as participating members those who merely stored grain in taxpayer's storage facilities but marketed no products nor purchased any supplies from the taxpayer. Relying on the unequivocal language in *Co-Operative Grain & Supply Co. v. Commissioner*, 407 F.2d at 1162, the district court did not include as producers those who only stored grain with the taxpayer. *West Central Cooperative v. United States*, at 2–3 n. 2. We agree that the language of 26 U.S.C. § 521(b)(2) is clear and storing grain with a cooperative is not marketing or purchasing through a cooperative.

■ Finally, taxpayer argues that the district court erred in finding that retroactive revocation of taxpayer's exemption was not an abuse of discretion. Pursuant to 26 U.S.C. § 7805(b), the Commissioner has the power to revoke retroactively an exemption ruling. Absent an abuse of discretion, the Commissioner's determination will not be overturned. *See Stevens Bros. Foundation, Inc. v. Commissioner*, 324 F.2d 633, 641 (8th Cir.1963), *cert. denied*, 376 U.S. 969, 84 S.Ct. 1135, 12 L.Ed.2d 84 (1964). The district court correctly determined that taxpayer failed to prove that retroactive revocation in the present case was an abuse of discretion. Furthermore, publication of Rev.Rul. 73–248 provided taxpayer with sufficient notice that 85% patronage was necessary to comply with 26 U.S.C. § 521(b)(2).

We have carefully examined the record and find no error of law or fact on the part of the district court. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir.R. 14.