*Decision will be entered under Rule 50.*

ALEXANDER C. YARNALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12998.   Promulgated October 9, 1947.

*H. Ober Hess, Esq.,* for the petitioner.
*William H. Best, Jr., Esq.,* for the respondent.

618

OPINION.

MURDOCK, *Judge*: The petitioner argues that the premiums here in question are deductible under section 23 (a) (1) (A) or (a) (2), since they were paid by a creditor to obtain some collateral security for an indebtedness which exceeded the face amount of the policies. He also argues that the deductions are not to be disallowed by reason of section 24 (a) (4), which provides:

\* \* \* no deduction shall in any case be allowed in respect of—

\*        \*        \*        \*        \*        \*        \*

(4) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.

The petitioner concedes that the present case comes precisely within the words of that provision, but contends that the words should not be read literally, while forgetting the object which Congress intended the provision to accomplish.

The words of statutes are sometimes not read literally (*Harrison* v. *Northern Trust Co.*, 317 U. S. 476; *Central Hanover Bank & Trust Co.* v. *Commissioner*, 159 Fed. (2d) 167), where some obvious and overriding purpose would be frustrated by the literal interpretation. However, the unambiguous words of section 24 (a) (4) can not be disregarded in the absence of some compelling indication that Congress did not intend them to apply to a situation like the present or that it intended them to remedy some particular evil of which the present situation is not a part.

The petitioner says that Congress meant to prohibit a deduction only where the life insurance was actually taken out as a hedge against the adverse effect upon the taxpayer's business of the death of the

insured employee or other person financially interested in the business, and the obvious mischief which Congress must have had in mind was a corporation insuring the life of its president and partners mutually insuring each other, in an effort to bridge the financial gap which would be left by the untimely death of the insured. He says reasons are apparent why a deduction should not be allowed in such circumstances, but he can think of none for denying a deduction where the relation giving rise to the insurance is that of debtor and creditor and the other relationship is merely collateral and coincidental. This provision has been applied mostly in cases in which the taxpayer has used the insurance to obtain a loan.

The petitioner concedes that this provision has been in the law for many years without comment in the committee reports of Congress. Thus, there is nothing to indicate what Congress meant except the words themselves. The theory of the petitioner does not emerge forcefully from those words or from any reason or policy which we would be justified in assuming that Congress had in mind.

Here, a member of a partnership, in the course of business, has obtained a loan from another member of the firm and the latter has paid the premiums on insurance which he holds as security for the indebtedness. The petitioner regarded Gallager as important in the partnership business and wanted him to continue. His continuance also provided a means whereby he might repay some of the indebtedness. Gallager's death before payment of this indebtedness might have an adverse effect upon the business of the petitioner and the insurance would be a hedge against that possibility. We are unable to say under the circumstances of this case that Congress did not intend section 24 (a) (4) to cover such a situation. That being so, it is unnecessary to consider the petitioner's other contentions under section 23 (a) (1) and (2).

*Decision will be entered for the respondent.*