DANIEL WALSH and LORELLE K. WALSH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walsh v. Commissioner
Docket No. 9991-78.
United States Tax Court
T.C. Memo 1979-471; 1979 Tax Ct. Memo LEXIS 52; 39 T.C.M. (CCH) 539; T.C.M. (RIA) 79471; November 28, 1979, Filed Daniel Walsh, pro se. Michele L. Waldinger, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency of $318.54 in petitioners' Federal income tax for 1975. The only issue for our determination is whether petitioners are entitled to deduct, under the income limitations of section 214, [1] *53 any household and dependent care expenses for 1975. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time they filed their petition, petitioners resided at Mequon, Wisconsin. They timely filed a joint Federal income tax return for 1975. Petitioners, calendar year taxpayers, reported adjusted gross income of $31,261.65 for 1975 and deducted from this amount $1,137.65 for household and dependent care expenses incurred from April through December, 1975. Petitioners argue that since a fiscal year taxpayer whose year ended after March 29, 1975 could use $35,000 as the income limitation to compute his deduction for the preceding twelve months, a calendar year taxpayer should be able to use the same income limitation for at least nine months of the year. [2] They cite no authority for their position. *54 Respondent, on the other hand, maintains that since petitioners' adjusted gross income for 1975 exceeded the income limitations under section 214, they should not be allowed any household and dependent care deduction for that year. We agree with respondent. Section 214(d), as applied to taxpayers who began their taxable year in 1975 before March 30, 1975, provides, in part: Income Limitation.--If the adjusted gross income of the taxpayer exceeds $18,000 for the taxable year during which the expenses are incurred, the amount of the employment-related expenses incurred during any month of such year which may be taken into account under this section shall * * * be furhter reduced by that portion of one-half of the excess of the adjusted gross income over $18,000 which is properly allocable to such month. * * * This subsection was amended to provide a higher income limitation, by substituting "$35,000" for "$18,000" each place it appears above. Sec. 206, Tax Reduction Act of 1975, Pub. L. 94-12, 89 Stat. 26, 32, 1975-1 C.B. 545, 549 (hereinafter 1975 Act). Section 209 (d) of the 1975 Act, however, provides, as the effective date of the amendment, "taxable years *55 beginning after the date of enactment of this Act." (March 29, 1975). 89 Stat. 26, 35; 1975-1 C.B. 545, 551. Section 1.214A-1(a)(1), Income Tax Regs., likewise provides, in part: Expenses which are taken into account in determining the deduction under section 214-- * * *
(iii) * * * when the taxpayer's adjusted gross income for the taxable year exceeds the sum of $35,000 (or $18,000 in the case of a taxable year beginning after December 31, 1971, and before March 30, 1975), must be further reduced, on a monthly basis, by one-half of the amount by which the adjusted gross income for the calendar year exceeds such sum * * *.
In fact, No deduction shall be allowed under section 214 in respect of any expenses incurred during a taxable year beginning after March 29, 1975, [and before January 1, 1976,] for which the taxpayer's adjusted gross income is $44,600 or more (or incurred during a taxable year beginning after December 31, 1971, and before March 30, 1975, for which the taxpayer's adjusted gross income is $27,600 or more). [Sec. 1.214A-1(a)(1), Income Tax Regs.] Deductions are matters of legislative grace; the taxpayer, therefore, must prove he or *56 she is entitled to the deduction under the terms of the applicable statute. Interstate Transit Lines v. Commissioner,319 U.S. 590 (1943); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Where the meaning of a statute is unambiguous, moreover, the statute must be enforced as written. Yarnall v. Commissioner,9 T.C. 616 (1947), affd. 170 F.2d 272 (3d Cir. 1948); Peppiatt v. Commissioner,69 T.C. 848 (1978). Section 214(d) clearly requires taxpayers, in determining their allowable deduction, to reduce their expenses, on a monthly basis, by one-half of their adjusted gross income over $18,000. The legislation increasing the income limitation level to $35,000 before a required reduction in deductible expenses plainly restricts the effective date of the increase to taxpayers whose taxable years begin after March 29, 1975. Petitioners submit that fiscal year taxpayers whose taxable year began after March 29, 1975 are receiving preferential treatment. Taxing statutes, however, may, and most often do, result in the disparate treatment of different taxpayers. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). *57 Specifically, those taxpayers whom petitioners envy here because they may use higher income limits with respect to section 214 deductions are denied the same opportunity of calendar year taxpayers who can earlier take advantage of the credit afforded by section 44A, 1954 I.R.C., amended 1976, [3] for household and dependent care expenses.
Petitioners, therefore, whose taxable year began before March 30, 1975 and whose adjusted gross income for 1975 was $31,261.65 are not entitled to a deduction for household and dependent care expenses for that year. Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year at issue.↩
2. The lower income limitations actually apply to taxable years beginning after December 31, 1971, and before March 30, 1975, so that we assume that petitioners intended to compare themselves with fiscal year taxpayers who began their taxable year on March 30, 1975 and who were thus able to use the higher limitations for the months April, 1975 through December, 1975 while petitioners were denied their use for these months. In their petition, petitioners state that, alternatively, they wish to change from calendar to fiscal year taxpayers, presumably, to begin their taxable year on March 30, 1975. In order to change their annual accounting period, however, taxpayers must secure prior approval of the Commissioner, respondent herein, and, except for special situations delineated in the regulations, must show a substantial business reason for the change. Sec. 1.442-1(a) and (b), Income Tax Regs.↩
3. The household and dependent care deduction under section 214 was repealed by sec. 504(b) of the Tax Reform Act of 1976 (1976 Act), Pub. L. 94-455, 90 Stat. 1520, 1565, and replaced by a credit effective for taxable years beginning after December 31, 1975. Sec. 508 of the 1976 Act, 90 Stat. 1520, 1569.↩